**Bobby H. BURNS, Petitioner,**

v.

**MILLER, HIERSCHE, MARTENS & HAYWARD, P.C., Respondent.**

**No. 95–0789.**

Supreme Court of Texas.

Nov. 2, 1995.

---

■■■■■■■■■■■■

Robert D. Lybrand, Dallas, for Petitioner.

D. Ronald Reneker, Dallas, for Respondent.

PER CURIAM.

The court of appeals dismissed the underlying appeal from a turnover order in this case for lack of jurisdiction, holding that the defendant had not perfected his right to appeal within the accelerated appellate timetable applicable to interlocutory orders. Holding that the appeal was from a final, not an interlocutory order, we reverse the court of appeals's judgment and remand this cause for consideration of the merits of Burns's appeal.

Miller, Hiersche, Martens & Hayward, P.C., a judgment creditor of Bobby H. Burns, obtained a turnover order against Burns on July 18, 1994. Burns attempted to appeal that order by filing a cost bond on August 16, 1994, within thirty days of the judgment being signed, as required in ordinary appeals by Texas Rule of Appellate Procedure 41. Before any briefs had been filed, the clerk of the appellate court notified the parties by letter that the court considered a turnover order to be interlocutory, and that a cost bond filed more than twenty days after the signing of the judgment was untimely, depriving the court of jurisdiction. *See* TEX. R.APP.P. 42. The clerk's letter instructed the parties to submit briefs on the jurisdictional issue. Burns's brief contended that the order was a final judgment subject to the deadline in Rule 41, a point that was conceded in a letter filed by opposing counsel. Nevertheless, the court dismissed the appeal, citing a single case: *Bergeron v. Session,* 554 S.W.2d 771, 772 (Tex.Civ.App.—Dallas 1977, no writ).

The court of appeals erred in applying the deadline for interlocutory appeals to this case because a turnover order is a final, appealable judgment. *Schultz v. Fifth Judicial Dist. Court of Appeals,* 810 S.W.2d 738, 738–40 (Tex.1991) (holding that the court of appeals had jurisdiction to hear a contempt motion for violation of a turnover order because an order entered pursuant to the turn-over statute, like a mandatory injunction, is a final judgment). Burns filed his cost bond within the thirty days permitted by Rule 41 of the Rules of Appellate Procedure, thus conferring jurisdiction on the court of appeals.

The court of appeals's reliance on *Bergeron* is misplaced for several reasons. That case did not address the appellate timetable under Rule 42, did not involve a turnover order, and did not hold that the order at issue was interlocutory in nature. In *Bergeron,* the trial court's order concerned payment of fees to a receiver, and one of the parties attempted to appeal. *Bergeron,* 554 S.W.2d at 772–73. The clerk then refused to accept the appeal until the finality of the order had been established. The court of appeals acknowledged that the receivership proceeding had not terminated, but cited several Texas cases that had allowed appeals of partial orders regarding receiverships in the past. Noting the unfairness to those subject to receivership orders of a rigid rule requiring them to wait until all payments had been made before being able to appeal, the court concluded that "the policy behind the 'one final judgment' rule does not apply" to orders of this sort. *Id.* at 775. The court then held that the order was "final" for appellate purposes: "[T]he present order is appealable because it finally disposes of the main controverted issue concerning which the present proceeding was brought, namely, the amount of the fees to be awarded to the receiver and accountant for their services to the date of the order." *Id. Bergeron* provides no support for the conclusion that the turnover order in this case was "an interlocutory order appointing a receiver," as stated in the clerk's letter to both parties.

Accordingly, a majority of this Court grants Burns's application for writ of error, and pursuant to Texas Rule of Appellate Procedure 170, without oral argument, reverses the judgment of the court of appeals, and remands this cause to that court for consideration of the appeal on its merits.