Opinion issued December 7, 2006

 













In The

Court of Appeals

For The

First District of Texas






NO. 01-05-01075-CV






CENTRAL BANK OF HOUSTON, Appellant


V.


Guardianship of KIARAH C. NEBLETT, a Minor by and through her
guardian ROBERT NEBLETT and UNIVERSAL SURETY OF AMERICA,
Appellees






On Appeal from Probate Court No. 1

Harris County, Texas

Trial Court Cause No. 305447-403










NO. 01-05-00811-CV






In re CENTRAL BANK OF HOUSTON






Original Proceeding on Petition for Writ of Mandamus






MEMORANDUM OPINION

 In cause number 01-05-01075-CV, appellant, Central Bank of Houston, appeals
from the trial court's grant of a turnover order in favor of appellee, Universal Surety
of America, and the estate of appellee, Kiarah C. Neblett. In cause number 01-05-00811-CV, Central Bank filed a petition for writ of mandamus seeking to have the
turnover order set aside as void. Central Bank asserts on appeal that the trial court's
order was an impermissible collateral attack on a final judgment from another court,
that there was no legal or equitable basis for the order, that there was insufficient
evidence in support of the order, and that the trial court failed to respond to
appellant's requests for findings of fact and conclusions of law. We conclude that the
judgment is void. We vacate the trial court's judgment and dismiss the appeal in
cause number 01-05-01075-CV. Tex. R. App. P. 43.2(e). We also dismiss the
petition for mandamus in cause number 01-05-00811-CV as moot due to the
resolution of the companion appeal. 

BACKGROUND

 In 2001, Evelyn M. Edison, the prior guardian of Kiarah Neblett's estate,
illegally withdrew $41,114.16 in estate assets from Central Bank of Houston. Robert
Neblett, successor guardian of the estate, sued Central Bank for conversion of the
funds in Harris County Probate Court No. 1. Central Bank joined Universal Surety
of America as a third party defendant. Universal Surety had executed a $10,000 bond
with Edison after a court-approved "safekeeping agreement" was reached under
which Central Bank promised not to release estate funds without the Probate Court's
approval. 

 Central Bank, Universal Surety and the estate entered into a settlement
agreement, which was approved by the trial court, under which the estate would
receive $50,000 from Central Bank and $10,000 from Universal Surety. (1) As part of
the agreement, all parties signed a "Mutual Global Release" by which each
relinquished any claims against the others "arising out of or in connection with or that
could have arisen out of or in connection with any transaction made the basis of" the
underlying cause of action. In addition, the estate expressly nonsuited with prejudice
its causes of action against Central Bank and Universal Surety. Central Bank and
Universal Surety fully paid their obligations under the settlement agreement.

 After the settlement was entered, Edison was arrested. In March 2005, in
accordance with a plea agreement, Edison pleaded guilty to theft before the 180th
District Court of Harris County and was sentenced to community supervision. The
District Court ordered Edison to pay restitution of $27,762.78 to Central Bank and
$13,381.38 to the estate, a total of $41,114.16. Edison made large initial payments
to Central Bank and to the estate, and was ordered to continue making monthly
payments during the term of her supervision.

 In July 2005, the estate and Universal Surety filed an "Application for
Turnover of Funds" in the Probate Court requesting an order that the first $10,000 of
any restitution which might be paid to Central Bank by Edison should instead be paid
to Universal Surety. Central Bank opposed the application, asserting that any claims
that Universal Surety or the estate may have had against Central Bank had been
dismissed with prejudice under the settlement agreement. 

 The Probate Court granted the turnover order, under which (1) the bank would
remit $7,000 to Universal Surety and $1,360.16 to the estate from restitution funds
already received, (2) the estate would remit the $3,000 restitution payment that it
received to Universal Surety, and (3) Central Bank would be treated as sole claimant
to the remainder of the restitution payments. 

TURNOVER ORDER

 A turnover order is a final, appealable judgment. Burns v. Miller, Hiersche,
Martens & Hayward, P.C., 909 S.W.2d 505, 506 (Tex. 1995). Turnover relief is a
statutory remedy under which "[a] judgment creditor is entitled to aid from a court
of appropriate jurisdiction[,]" which may "order the judgment debtor to turn over . . .
property that is in the debtor's possession[.]" Tex. Civ. Prac. & Rem. Code Ann §
31.002(a), (b)(1) (Vernon Supp. 2006) (emphasis added). "Texas courts do not apply
the turnover statute to non-judgment debtors." Beaumont Bank, N.A. v. Buller, 806
S.W.2d 223, 227 (Tex. 1991); see also Bay City Plastics, Inc. v. McEntire, 106
S.W.3d at 321, 324 (Tex. App.--Houston [1st Dist.] 2003, no pet.). 

 Because all claims between Central Bank, Universal Surety, and the estate were
released, and because the estate's underlying cause of action was nonsuited with
prejudice, Universal Surety and the estate have no judgment against Central Bank
upon which to execute and to seek a turnover of assets. Additionally, since all
obligations under the settlement agreement have been fully paid, Central Bank is not
a debtor. Because Central Bank is not a judgment debtor, the turnover statute is
inapplicable. See Beaumont Bank, 806 S.W.2d at 227. The trial court had no power
to render the turnover order because there was no underlying judgment to be enforced
against a judgment debtor. See Ex parte Johnson, 654 S.W.2d 415, 417 (Tex. 1983)
(noting that turnover order is designed to secure "satisfaction of a final judgment"). 
An order is void when a court has no power or jurisdiction to enter it. Urbish v. 127th
Jud. Dist. Ct., 708 S.W.2d 429, 431 (Tex. 1986). Because the trial court lacked
power to enter the turnover order, we hold that the order is void, and therefore vacate
the order.

Conclusion

 We vacate the order of the trial court, dismiss the appeal, and dismiss the
companion petition for writ of mandamus.



 Elsa Alcala

 Justice


Panel consists of Chief Justice Radack, Justice Alcala, and Justice Bland.
1. The total amount received by the estate was $39,784, due to the estate's attorneys'
fees.