Opinion issued May 6, 2010.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00398-CV

———————————

GREGG M. ROSENBERG, Appellant

V.

MELISSA
ROSENBERG,
Appellee



 



 

On Appeal from the 257th District Court 

Harris County, Texas



Trial Court Case No. 2006-40196

 



 

MEMORANDUM OPINION

          In
this post-divorce proceeding, appellant, Gregg M. Rosenberg, appeals the trial
court’s order that he turn over $50,053.51 in cash to Melissa Rosenberg, his
former wife.  Specifically, Gregg argues that
the trial court’s turnover over changes or modifies the original divorce
decree.  We reverse the order and remand
the case.

BACKGROUND

          Gregg
and Melissa voluntarily submitted their divorce action to binding arbitration
pursuant to Tex. Fam.
Code Ann. § 6.601(a) (Vernon 2006).  On February 28, 2008, the arbitrator, Warren
Cole, rendered his arbitration award. 
Based on this award, the parties prepared a final decree of divorce,
which the trial court signed on April 21, 2008. 
In paragraph H-6(1) of the decree, the following award was made to
Gregg:

All rights of ownership interest to the following brokerage accounts,
stocks, bonds, and securities, together with all dividends, splits, and other
rights accrued and unpaid and privileges in connection with them not otherwise
confirmed as the separate property of GREGG ROSENBERG:

1.      Merrill Lynch Account No. ending
7E26 except the $50,053.51 (in kind) of the community property portion awarded
MELISSA ROSENBERG herein[.]

 

In paragraph W-5(2) of the decree, the following award was made to
Melissa:

All rights of
ownership interest to the following brokerage accounts, stocks, bonds, and
securities, together with all dividends, splits, and other rights accrued and
unpaid and privileges in connection with them:

2.     $50,053.51 (in kind) held in the Merrill Lyunch [sic] Account No. ending
7E26 in the name of GREGG ROSENBERG[.]

 

Neither Gregg nor Melissa appealed the divorce
decree. Likewise, neither Gregg nor Melissa moved to appeal the arbitration
award under Tex. Civ.
Prac. & Rem. Code Ann. §
171.098 (Vernon 2005) or to modify, to clarify, or to vacate the arbitration
award within the time periods specified by Tex.
Civ. Prac. & Rem. Code Ann. §§ 171.054, 171.088, or 171.091 (Vernon
2005).

          On September 4, 2008, Melissa filed an
Application for Turnover with the trial court. 
In the Application, Melissa stated that “[u]nder the terms of the decree
[Melissa] was awarded the sum of $50,053.51 in
kind held in Merrill Lynunch [sic] from an account number 582-07E26.” (Emphasis
added.)  Melissa further alleged that she
“has made demand for the surrender of the funds in question and [Gregg] has
failed and refused to surrender the funds in
cash.” (Emphasis added.)

          On March 11, 2009, the trial court
held a hearing on Melissa’s Application. 
Gregg presented evidence that he had given Melissa access to the Merrill
Lynch account, but argued that he was not required to pay Melissa in cash
because the divorce decree had awarded her a portion of the account in kind.  Gregg argued that the account had always
contained less than $50,000; was mostly stocks and IRAs; and if he were forced
to convert some of those to cash to pay Melissa, he would have to bear all of
the tax penalties caused by removing the monies early, thereby reducing his
portion of the community in the Merrill Lynch account.  Gregg also argued that, since the time of the
divorce, the stocks in the Merrill Lynch account have decreased in value, and
if forced to sell stocks to pay Melissa in cash, he would be unfairly burdened
by having all the risk of a fluctuating market placed on him.

          At the close of the hearing, the trial
court ruled as follows:

Based on the pleadings on file and the testimony before the Court and the
evidence introduced, the Court makes the following findings:  That the Final Decree of Divorce signed by
the Court on April 21st, 2008 awarded to the wife in the sum of $50,053.52,
which, at that time, was awarded to her in kind, from the Merrill Lynch account
number ending in 7E26, and which if divided at that time, would have entitled
her to a percentage interest of each and every asset in the account to reach
the 50,053.51.

 

The Court, however, finds that since that sum was not paid, that the
husband is ordered to tender to wife the sum of $50,053.51 by 5:00 p.m. on
3-13-09.  Wife’s attorney is awarded a
judgment for $3,000.  

 

          On April 22, 2009, the trial court
signed an order on Melissa’s Application, which stated, “IT IS ORDERED that
Melissa Rosenberg’s Application for Turnover is GRANTED.  IT IS ORDERED that Gregg Rosenberg is ORDERED
to turnover the amount of $50,053.51 in cash or cashier’s check to Melissa
Rosenberg at 4212 San Felipe, Suite 435 Houston Texas on or before 5:00 p.m.,
on April 24th, 2009.”

          Gregg paid the money to Melissa as
ordered and filed this appeal from the trial court’s turnover order.[1]

 

PROPRIETY OF TURNOVER
ODER

          In two issues on appeal, Gregg contends that trial
court abused its discretion in ordering turnover of the funds because (1) the
order modified, altered, or changed the substantive division of the property
set forth in the final divorce decree and (2) the arbitrator should have
resolved any issue related to the meaning of the divorce decree, which was
based on the arbitrator’s award.

Standard of Review

We review a turnover order for an abuse of discretion. Beaumont
Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991) (providing
that abuse of discretion is standard for turnover order). We reverse a trial
court for abusing its discretion only if we find that the court acted in an
unreasonable or arbitrary manner.  Id.  That
is, an abuse of discretion occurs when a trial court acts “‘without reference
to any guiding rules or principles.’” Id. (quoting Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985)). 

Enforcement of Property Division

A trial court is generally authorized to enforce the
property division of its divorce decree. See Tex. Fam.
Code Ann. § 9.001 (Vernon 2006). Specifically, “the court may render
further orders to enforce the division of property made in the decree of
divorce . . . to assist in the implementation of . . . the prior order.”  Id.
§ 9.006(a) (Vernon 2006).  The trial
court “may specify more precisely the manner of effecting the property division
previously made if the substantive division of property is not altered or
changed.”  Id. § 9.006(b) (Vernon 2006). 
However, “[a] court may not amend, modify, alter, or change the division
of property made or approved in the decree of divorce or annulment.  An order to enforce the division is limited
to an order to assist in the implementation of or to clarify the prior order
and may not alter or change the substantive division of property.”  Id.
§ 9.007(a) (Vernon 2006).

Gregg contends that the trial court’s turnover order did not
just clarify or specify the manner of effecting the property division, but that
it actually changed the substantive property division.  We agree.

The divorce decree ordered that Melissa receive “[a]ll
rights of ownership interest to the following brokerage accounts, stocks,
bonds, and securities . . .” including the “$50, 053.51 (in kind) held in the
Merrill Lyunch [sic] Account No. ending 7E26 in the name of GREGG ROSENBERG.”  At the hearing on the turnover order, the
trial court interpreted this to mean that this amount “was awarded to [Melissa] in kind, from the Merrill
Lynch account number ending in 7E26, and which if divided at that time, would
have entitled her to a percentage interest of each and every asset in the
account to reach the 50,053.51.”

“In kind” is defined as “in goods or services rather than
money.” Black’s Law Dictionary
857 (9th ed. 2009).  However, the trial court’s turnover order requires
Gregg to “turnover the amount of $50,053.51 in cash or cashier’s check[.]”  This is not a distinction without a
difference.  By ordering Gregg to turn over
the amount in cash, the trial court in effect changed the division of the
property because Gregg was forced to bear of all the tax burden and penalties
associated with converting the assets to cash. 
Similarly, the evidence shows that, since the time of the divorce, the
value of the assets in the account had decreased.  By ordering Gregg to pay Melissa in cash, the
trial court’s order caused Gregg to suffer all of the depletion of the value of
the assets, while awarding Melissa the value of the assets as they existed on
the date of the divorce.  In other words,
Melissa’s percentage in the community assets in the account actually increased
because Gregg alone was forced to bear the burden of its reduction in value.  There is no evidence in the record that Gregg
withheld access to the account from Melissa.  However, Melissa would not accept access to
the accounts; she refused to accept anything other than a cash payment, despite
the “in kind” language in the divorce decree.

We note that “[i]f a party fails to comply with a decree of
divorce . . . and delivery of property awarded in the decree is no longer an
adequate remedy, the [trial] court may render a money judgment for the damages
cause by that failure to comply.”  Tex. Fam. Code Ann. § 9.010(a) (Vernon 2006).  Such a judgment “may be enforced by any means
available for the enforcement of a judgment for debt.”  Id.
§ 9.010(d) (Vernon 2006).    In Dade v. Dade, No. 01-05-00912-CV, 2007
WL 1153053 (Tex. App—Houston [1st Dist.] Apr. 19, 2007, no pet.), the appellant
filed an appeal contending that the trial court erred by entering a “turnover
order” in a case involving the post-divorce dispersal of funds according to a
divorce decree and qualified domestic relations order.  This Court noted held that the “turnover
order” was not rendered pursuant to the turnover statute,[2]
but was a judgment rendered pursuant to § 9.010.  Id.,
at *3.  In so holding, the Court pointed
out that the trial court’s order recited that it was, in fact, a money judgment
bearing interest.  Id.  Because the money
judgment was entered pursuant to § 9.010, and was not a turnover order, it did
not impose any obligation where none existed as argued by the appellant.  Id.

          In this case, there in nothing to
indicate that the trial court was acting pursuant to § 9.010.  The order signed by the trial court stated
that “Gregg Rosenberg is ORDERED to turnover the amount of $50,053.51 in cash,
or cashiers check to Melissa Rosenberg[.]” 
There is no language in the order to indicate that it was a money
judgment against Gregg.  And, in fact,
the order specifically stated that the trial court granted Melissa’s
Application.

          Thus, we conclude that the trial
court’s order in this case is a turnover order and that, as discussed above, it
improperly changed the substantive disposition of property in the divorce
decree.  An order to enforce a decree
that changes the substantive division of the property in a final divorce decree
“is beyond the power of the divorce court and is unenforceable.”  Tex.
Fam. Code Ann. § 9.007(b) (Vernon  2006).

CONCLUSION

          Accordingly, we sustain Gregg’s first
issue on appeal.  In light of our
disposition of his first issue, we need not address his issue relating to the
arbitrator’s authority to interpret the divorce decree.  We reverse the turnover order and remand the
case for further proceedings.

 

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Alcala and Higley.

 











[1]               A turnover order is a final,
appealable judgment.  Burns v. Miller, Hiersche, Martens &
Hayward, P.C., 909 S.W.2d 505, 506 (Tex. 1995).





[2]
              The turnover statute provides that a “court may
order the judgment debtor to turn over nonexempt property that is in the
debtor’s possession or is subject to the debtor’s control . . . .”  Tex. Civ. Prac. & Rem. Code Ann. §
31.002(b)(1) (Vernon 2008).