**Orders Affirmed and Opinion Filed September 15, 2020.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00258-CV

## THE ESTATE OF LEAH RITA TILLOTSON, DECEASED

**On Appeal from the County Court at Law No. 2
Hunt County, Texas
Trial Court Cause No. 18359**

## MEMORANDUM OPINION ON MOTION TO REVIEW SUPERSEDEAS BONDS

Before Justices Schenck, Osborne, and Partida-Kipness
Opinion by Justice Partida-Kipness

Appellant Thomas Tillotson, surviving spouse of decedent, appeals from the trial court's order denying his objections to the estate's amended inventory and the trial court's turnover order.[1] The trial court signed two supersedeas bond orders, each concerning different accounts subject to turnover. Tillotson asks this Court to review those supersedeas orders.[2]

---

[1] The appeal of the order on the objections to the amended inventory is docketed as appellate cause number 05-19-01192-CV. The appeal of the turnover order is docketed as appellate cause number 05-20-00258-CV.

[2] Although Tillotson filed a motion to review the supersedeas bond in each appeal, both supersedeas bond orders relate solely to the turnover order. Accordingly, we address the motions in the appeal of the turnover order.

# BACKGROUND

On January 22, 2020, the Adminstratrix of the Estate filed a second application for partition and distribution of the estate. On February 4, 2020, Tillotson filed a response and a motion to suspend enforcement of the decree of partition without posting security. In the motion, Tillotson asked the court to allow him to appeal and supersede any decree of partition and distribution as to certain assets — a Fidelity Rollover IRA, a Fidelity Roth IRA, and U.S. Savings Bonds — without posting security. The trial court signed two orders on February 12, 2020; the turnover order at issue in this appeal and the order denying Tillotson's first motion to suspend enforcement. The turnover order identified certain community assets that belong to the estate and awarded certain portions of each asset to the estate. Those assets included the Fidelity Rollover IRA, Fidelity Roth IRA, and U.S. Savings Bonds addressed in Tillotson's motion to suspend enforcement as well as an individual Fidelity stock account. The order denying Tillotson's first motion to suspend enforcement set the bond in the amount of $782,184.49 to suspend enforcement of distributions from the Fidelity Rollover IRA, the Fidelity Roth IRA, and the U.S. Savings Bonds.[3]

On February 26, 2020, Tillotson filed a second motion to suspend without security specifically that addressed the individual Fidelity Stock Account. The trial

---

[3] The breakdown of that amount is as follows:

$732,715.04    security for distribution of the estate's interest in the Fidelity Rollover IRA;

$12,705.31    security for distribution of the estate's interest in Fidelity Roth IRA; and

$36,764.14    security for distribution of the estate's interest in the U.S. savings bonds.

–2–

court denied that motion and set the bond in the amount of $368,429.03 to suspend enforcement of the distribution from the Fidelity Stock Account. Tillotson asks this Court to vacate both orders denying his motions to suspend without security and order that he may proceed on appeal without posting security.

## APPLICABLE LAW

On any party's motion, we may review the sufficiency or excessiveness of the amount of security and the trial court's exercise of discretion in setting the amount of security. TEX. R. APP. P. 24.4. We review a trial court's ruling on the amount of a supersedeas bond for abuse of discretion. *G.M. Houser, Inc. v. Rodgers,* 204 S.W.3d 836, 840 (Tex. App.—Dallas 2006, no pet.). A supersedeas bond must be in the amount required by rule 24.2. TEX. R. APP. P. 24.1(b)(1)(A). Under rule 24.2, the amount of the bond depends on the type of judgment. TEX. R. APP. P. 24.2(a). For a money judgment, the amount of bond must equal the sum of the compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment but must not exceed the lesser of 50% of the judgment debtor's net worth or $25 million. TEX. R. APP. P. 24.2(a)(1). When the judgment is for the recovery of an interest in property, the amount must be at least the value of the property interest's rent or revenue if the property interest is real or if the property interest is personal, at least the value of the property interest on the date when the court rendered judgment. TEX. R. APP. P. 24.2(a)(2). When the judgment is for something other than money or an interest in property, the trial court must set a bond that will adequately protect the judgment creditor against loss or damage that the appeal might cause. TEX. R. APP. P.

–3–

24.2(a)(3). Rule 24.2(a)(3) is routinely applied to judgments that are injunctive in nature. *See EMF Swiss Ave., LLC v. Peak's Addition Home Owner's Ass'n*, No. 05-17-01112-CV, 2017 WL 5150954, at *2 (Tex. App.—Dallas Nov. 7, 2017, order) (mem. op.).

A turnover order is analogous to a mandatory injunction if it requires a judgment debtor to turnover property. *See Transcon. Realty Inv'rs, Inc. v. Orix Capital Mkts. LLC*, 470 S.W.3d 844, 847 (Tex. App.—Dallas 2015, no pet.); *In re Estate of Hastings*, No. 07-16-00053-CV, 2017 WL 1151936, at *2 (Tex. App.—Amarillo Mar. 23, 2017, no pet.) (per curiam) (mem. op.). A turnover order in the nature of a mandatory injunction is a final judgment that may be superseded. *Burns v. Miller, Hiersche, Martens & Hayward, P.C.*, 909 S.W.2d 505, 506 (Tex. 1995) (per curiam). The turnover order at issue here functions as a mandatory injunction and is, therefore, appealable and may be superseded. *See id.*

## DISCUSSION

In his motions to review the bonds, Tillotson asserts he is entitled to supersede enforcement of the turnover order without posting security because the ordered distributions from the accounts do not constitute compensatory damages. Tillotson is correct that the amounts do not constitute compensatory damages. *See Hancock v. Variyam*, 400 S.W.3d 59, 65 (Tex. 2013) (compensatory damages are intended to compensate a plaintiff for the injury incurred). However, Tillotson is incorrect in assuming that rule 24.2(a)(1), which applies to money judgments, governs the turnover order and relieves him from posting a bond.

As noted above, the turnover order functions as a mandatory injunction because it requires Tillotson to turn over funds in the accounts that are in his name. As such, the turnover order constitutes a judgment for something other than money or an interest in property and, accordingly, rule 24.2(a)(3) controls. *See EMF Swiss Ave.*, No. 05-17-01112-CV, 2017 WL 5150954, at \*2. Under rule 24.2(a)(3), the trial court must set a bond that will adequately protect the judgment creditor against loss or damage that the appeal might cause. *Id.* Tillotson has not demonstrated that the trial court abused its discretion in setting the bonds pursuant to rule 24.2(a)(3). Accordingly, we deny Tillotson's requests to supersede the turnover order without posting supersedeas bonds as ordered in the trial court's February 12 and February 26 orders.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
PRESIDING JUSTICE

200258F.P05