**Jeffrey LONDON, Appellant,**

v.

**Leticia LONDON, Appellee.**

**No. 14–10–00385–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

July 26, 2011.

See also, 342 S.W.3d 768

Scott Rothenberg, Houston, for appellant.

Shawn Russel Casey, R. Dean Irwin, Houston, for appellee.

Panel consists of Chief Justice HEDGES and Justices FROST and CHRISTOPHER.

## OPINION

TRACY CHRISTOPHER, Justice.

This appeal is one of three proceedings arising from Jeffrey London's attempts to obtain payment of a judgment from the proceeds of the debtor's voluntary sale of her homestead. Debtor Leticia London argues that we lack jurisdiction over this appeal, and she asks that we dismiss this appeal and sanction Jeffrey. Although we deny the motion for sanctions, we agree that we lack jurisdiction over this proceeding. Accordingly, we dismiss this appeal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The parties have been before this court several times since their divorce in 1995. *See London v. London*, 94 S.W.3d 139 (Tex.App.-Houston [14th Dist.] 2002, no pet.) (*"London I "*); *London v. London*, 192 S.W.3d 6 (Tex.App.-Houston [14th Dist.] 2005, pet. denied) (*"London II "*); *In re London*, No. 14–10–00517–CV, 2010 WL 2367229 (Tex.App.-Houston [14th Dist.] June 15, 2010, orig. proceeding) (mem. op., per curiam) (*"London III "*); *London v. London*, 342 S.W.3d 768 (Tex.App.-Houston [14th Dist.] 2011, no pet. h.) (*"London IV "*). The facts are well known to the parties, and those relevant to our disposition of this appeal are recounted in *London IV. See London IV*, 342 S.W.3d at 770–72.

In brief, Jeffrey has an unpaid judgment against his former wife, Leticia. In 2009, he learned that Leticia was attempting to sell the homestead she acquired after their divorce and she had specified that the title company was to pay part of the proceeds to the creditors she identified in the closing statement. On June 17, 2009, he applied to the trial court for an order appointing a receiver and requiring Leticia to deliver the proceeds from the sale to the receiver for payment to Jeffrey. *Id.* at 770–71. The trial court granted the application to appoint a receiver to whom Leticia was ordered to deliver her homestead-sale proceeds. The trial court did not, however, order the proceeds disbursed to Jeffrey, and similarly denied Leticia's request to disburse the sale proceeds to her. *Id.* at 770–72. The trial court instead permitted the receiver to pay a small amount of the proceeds directly to Leticia's creditors to satisfy a portion of her past-due bills. *Id.* at 771–72.

Leticia challenged the trial court's rulings through an appeal and a petition for writ of mandamus. *Id.* We consolidated those proceedings, reversed the trial court's order appointing a receiver, and remanded the case. *Id.* at 770–72.

While Leticia's appeal and original proceeding were pending, however, Jeffrey again attempted to reach Leticia's homestead-sale proceeds. Two months after Leticia sold her home, Jeffrey filed a motion asking the trial court to disburse the sales proceeds to him. The trial court denied the motion, and Jeffrey filed this appeal. In response, Leticia filed a motion to dismiss and for sanctions in this court, arguing that Jeffrey was pursuing an unauthorized interlocutory appeal.

## II. MOTION FOR DISMISSAL

Texas appellate courts generally have no jurisdiction to hear an appeal over an interlocutory order unless the appeal is authorized by statute. *Ogletree v. Matthews*, 262 S.W.3d 316, 319 n. 1 (Tex.2007) (citing *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex.1992)). Nevertheless, orders that "resolve discrete issues in connection with any receivership are appealable." *Huston v. Fed. Deposit Ins. Corp.*, 800 S.W.2d 845, 847 (Tex.1990) (op. on reh'g). Thus, Jeffrey argued in the trial court that by ordering all of the remaining proceeds disbursed to him, the trial court could resolve Leticia's challenge to its earlier orders appointing a receiver and requiring her to turn over the proceeds from the sale of her home.

But the trial court did not order the proceeds disbursed to Jeffrey. Because the trial court denied Jeffrey's motion, nothing changed. Thus, the denial of Jeffrey's motion for disbursement is not an appealable resolution of a discrete issue in connection with a receivership.[1] *Cf. John-*

---

1. We express no opinion as to whether the

order would have been appealable if the trial

*son v. Ameriquest Mortgage Co.,* No. 14–04–00121–CV, 2004 WL 1066750, at *1 (Tex.App.-Houston [14th Dist.] May 13, 2004, no pet.) (mem. op., per curiam) (order setting aside an order to disburse excess proceeds from a foreclosure sale is a non-appealable interlocutory order); *Nelson v. Lubbock Cent. Appraisal Dist.,* No. 07–02–0349–CV, 2003 WL 1987959, at *2 (Tex.App.-Amarillo Apr. 30, 2003, no pet.) (mem. op.) (order denying request to disburse part of the proceeds of a foreclosure sale is a non-appealable interlocutory order).

■ In response to the motion to dismiss, Jeffrey argues that in asking the trial court to order all of the money held by the receiver to be disbursed to him, he sought further relief under the turnover statute. He contends that the trial court's order therefore is an appealable denial of turnover relief. We agree that Jeffrey sought relief under the turnover statute, but he did not request further relief; he requested the same relief he sought in his original application for a turnover order.

In the motion he filed in February 2010, he asked that the court-appointed receiver disburse Leticia's homestead-sale proceeds to him; he made the same request in his application for turnover relief in June 2009. In support of his 2010 motion, he presented the same argument he presented in 2009, i.e., that Leticia waived the statutory exemption over homestead-sale proceeds. On December 1, 2009, the trial court partially granted his request for turnover relief, appointed a receiver, and ordered that if Leticia sold her home, she must turn over the proceeds to the receiver. In addition, the trial court ordered that anyone seeking disbursement of the funds must file a motion and provide notice to both Leticia and Jeffrey. The trial court had granted the requested relief.

court further recited in the judgment, "All relief not expressly granted by this Final Judgment with respect to the granting of turnover relief and the appointment of a receiver is hereby denied." Thus, Jeffrey previously sought the same relief—turnover of Leticia's homestead-sale proceeds to a receiver, followed by the receiver's disbursement of those proceeds to him—and the trial court denied that request in December 2009. Leticia timely appealed the order, but Jeffrey did not.

We conclude that Jeffrey's motion for disbursement was, in effect, a motion for reconsideration of the trial court's refusal to grant his earlier request for the same relief. It is now too late for Jeffrey to appeal that ruling, and we decline to treat the trial court's second denial of the same request as an independently appealable order. If a litigant could restart the deadline to appeal the denial of a turnover order by seeking the same relief against the same party in the same court for the same reasons and obtaining the same result, then the appellate filing deadline would be meaningless. *Cf. Bahar v. Lyon Fin. Servs., Inc.,* 330 S.W.3d 379, 387 (Tex. App.-Austin 2010, pet. denied) (holding that where a litigant failed to timely appeal a turnover order, the appellate court lacks jurisdiction to review those portions of an amended turnover order that were present in the earlier order).

■ In sum, we agree with Jeffrey that he sought turnover relief, but we agree with Leticia that we lack jurisdiction over this appeal. We accordingly grant her motion to dismiss.

### III. MOTION FOR SANCTIONS

■■ If an appeal is frivolous, the appellate court may award the prevailing party just damages. Tex.R.App. P. 45.

To determine if an appeal is frivolous, we review the record from the viewpoint of the advocate and decide whether there were reasonable grounds to believe the case could be reversed. *Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex. App.-Houston [14th Dist.] 2011, pet. filed) (en banc). Because the question of whether there were reasonable grounds for such a belief is an objective one, an appeal can be frivolous even absent bad faith. *Id.* at 781. After reviewing the record from the viewpoint of Jeffrey's counsel, we conclude that there were reasonable grounds to believe that this court could reverse the trial court's order. We accordingly deny Leticia's motion for sanctions.

FROST, J., concurring.

KEM THOMPSON FROST, Justice, concurring.

Under precedent from the Supreme Court of Texas, in the absence of a statute specifically declaring an order at the end of a particular phase of a receivership proceeding to be a final judgment, an order in which the trial court disposes of all issues in a particular phase of the receivership proceeding should be deemed to be a final judgment for purposes of appeal. Such orders are deemed to be final judgments for the purposes of perfecting an appeal but not for purposes of Texas Rule of Civil Procedure 329b. In the case under review, the trial court's December 1, 2009 judgment is deemed a final judgment, and this court does not have jurisdiction over Jeffrey London's attempt to appeal from the denial of his February 2010 motion. This court reaches the right result in dismissing the appeal. But the majority does not mention that the inquiry is whether this court should treat the order in question as if it were a final judgment, nor does the majority's legal standard conform to the changes in the law effected by the Supreme Court of Texas's opinion in *Crowson v. Wakeham*, 897 S.W.2d 779, 781–83 (Tex.1995).

***The Supreme Court of Texas has stated that there must be a statutory basis for this court to exercise jurisdiction over appeals.***

Under the Texas Constitution, the Texas intermediate courts of appeals "have appellate jurisdiction co-extensive with the limits of their respective districts, which shall extend to all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law." TEX. CONST. art. V, § 6(a). Nothing in the Texas Constitution specifies with further particularity the types of appeals from the district or county courts over which the courts of appeals have jurisdiction; but, the Texas Constitution gives the Texas Legislature the power to restrict the jurisdiction of the courts of appeals. *Id.; see, e.g., Ogletree v. Matthews*, 262 S.W.3d 316, 319–21 (Tex.2007) (holding Legislature precluded court of appeals from exercising appellate jurisdiction over order in question under section 51.014(a)(9) of the Texas Civil Practice and Remedies Code).

In civil cases in which the judgment or amount in controversy exceeds $250, exclusive of interest and costs, a person may take an appeal to the court of appeals from a final judgment of a district or county court. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.012 (West Supp. 2010). The Texas Constitution does not expressly state that a statute is required for courts of appeals to have jurisdiction over an appeal. Even so, the Supreme Court of Texas has stated many times that courts of appeals do not have jurisdiction over an appeal from an interlocutory order or judgment unless a statute provides for an

interlocutory appeal.[1] *See Ogletree*, 262 S.W.3d at 319 n. 1; *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007); *Qwest Communications Corp. v. AT & T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000); *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex.1998); *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex.1992); *Cherokee Water Co. v. Ross*, 698 S.W.2d 363, 365 (Tex.1985); *see also Texas La Fiesta Auto Sales, LLC v. Belk*, 2011 WL 2448379 (Tex.App.-Houston [14th Dist.] 2011, no pet. h.) ("unless a statute specifically authorizes an interlocutory appeal, appellate courts have jurisdiction over final judgments only").

***The Supreme Court of Texas has held that certain orders should be treated as final judgments for purposes of appeal, even though they do not dispose of all pending parties and claims.***

"A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree." *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex.2001). Despite defining a final judgment in this way for purposes of appeal, the Supreme Court of Texas has concluded that orders that resolve certain discrete matters in probate and receivership cases may be final for purposes of appeal, even though these orders do not dispose of all pending parties and claims. *See id.; Crowson v. Wakeham*, 897 S.W.2d 779, 781–83 (Tex.1995); *Huston v. Fed. Deposit Ins. Corp.*, 800 S.W.2d 845, 847–49 (Tex. 1990). The Supreme Court of Texas also has concluded that certain post-judgment orders, such as turnover orders, may be

final for purposes of appeal, even though these orders do not dispose of all pending parties and claims. *See Burns v. Miller, Hiersche, Martens & Hayward, P.C.*, 909 S.W.2d 505, 506 (Tex.1995) (per curiam); *Schultz v. Fifth Judicial Dist. Court of Appeals*, 810 S.W.2d 738, 740 (Tex.1991), abrogated on other grounds by, *In re Sheshtawy*, 154 S.W.3d 114, 124–25 (Tex. 2004).

In *Huston*, the Supreme Court of Texas concluded that "a trial court's order that resolves a discrete issue in connection with any receivership has the same force and effect as any other final adjudication of a court, and thus, is appealable." *Huston*, 800 S.W.2d at 847. Though the *Huston* case involved a bank receivership, under the doctrine of judicial dicta the broad language used by the *Huston* court covers the circumstances presented in the case under review. *See id.; Lehmann*, 39 S.W.3d at 195; *Edwards v. Kaye*, 9 S.W.3d 310, 314 (Tex.App.-Houston [14th Dist.] 1999, pet. denied). Under the *Huston* case, if—in an order that does not dispose of all pending parties and claims—the trial court resolves a discrete issue in connection with a receivership, then that order is deemed to be a final judgment from which appeal may be taken under section 51.012 of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.012; *Lehmann*, 39 S.W.3d at 195; *Huston*, 800 S.W.2d at 847–48. The *Huston* court analogized its analysis of what constitutes a discrete issue to the analysis applied to probate court orders to determine whether they are final and appealable. *See Huston*, 800 S.W.2d at 848. But

---

1. Some cases suggest that a court of appeals may be able to exercise appellate jurisdiction over an appeal from an interlocutory order without statutory authorization. *See CMH Homes v. Perez*, No. 10–0688, 340 S.W.3d 444, 447–48 (Tex.2011); *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex.2001). But

the courts in these cases do not hold that a party may appeal from an interlocutory order without statutory authorization, nor do these cases contain citations to other cases with such a holding. *See CMH Homes*, 340 S.W.3d at 447–48; *Lehmann*, 39 S.W.3d at 195.

the Supreme Court of Texas later abrogated the "substantial right" part of this analysis. *See Crowson,* 897 S.W.2d at 781–83. Therefore, it is appropriate to make the analogous change to the analysis for determining whether a probate order is final for purposes of appeal. *See De Ayala v. Mackie,* 193 S.W.3d 575, 578 (Tex. 2006) (citing the *Huston* case as one of the cases modified by the *Crowson* case). Under this analysis, in the absence of a statute specifically declaring an order at the end of a particular phase of the proceedings to be a final judgment, the trial court's order must dispose of all issues in a particular "phase of the proceeding." *See id.* at 783.

***Under precedent from the Supreme Court of Texas, the December 1, 2009 judgment is deemed a final judgment for purposes of appeal, and the order from which Jeffrey London seeks to appeal is not treated as a final judgment.***

In its December 1, 2009 judgment, the trial court partially granted Jeffrey London's request for turnover relief, appointed a receiver, and ordered that if Leticia London sold her home, she must turn over the proceeds to the receiver. In addition, the trial court ordered that anyone seeking disbursement of the funds must file a motion and provide notice to both Leticia and Jeffrey. The trial court also stated that "all relief not expressly granted by this Final Judgment with respect to the granting of turnover relief and the appointment of a receiver is hereby denied." Under precedent from the Supreme Court of Texas, the December 1, 2009 judgment is deemed to be a final judgment for purposes of appeal.[2] *See Huston,* 800 S.W.2d at 847–48; *Crowson,* 897 S.W.2d at 783.

In the case under review, this court must decide whether Jeffrey may appeal from the trial court's order denying his February 2010 motion for disbursement, which, in effect, was a motion for reconsideration of the trial court's December 1, 2009 judgment, in which the trial court refused to grant Jeffrey's earlier request for the same relief. If the December 1, 2009 judgment is deemed a final judgment for purposes of appeal, then one might expect that Jeffrey's February 2010 motion for reconsideration was untimely under Texas Rule of Civil Procedure 329b and that therefore the trial court lacked plenary power to rule on Jeffrey's motion for reconsideration. *See* Tex.R. Civ. P. 329b (d), (e), (f), (g); *Moritz v. Preiss,* 121 S.W.3d 715, 720 (Tex.2003) (concluding that final judgment triggers the provisions of Rule 329b that result in the expiration of the trial court's plenary power to change the judgment). But treating the December 1, 2009 judgment as a final judgment for Rule 329b purposes would be inconsistent with the trial court's continuing power to modify this judgment. *See Bahar v. Lyon Fin. Servs., Inc.,* 330 S.W.3d 379, 386–87 (Tex.App.-Austin 2010, pet. denied) (concluding that order treated as final judgment for appellate purposes should not be treated as final judgment for purposes of Rule 329b and that party who failed to appeal first amended order could challenge on appeal only the parts of the second amended order that were not contained in the first amended order). These procedural issues highlight the difficulties of determining the appellate procedure for appeals from orders that are not actually final judgments and for which the Texas Legislature has not provided an interlocutory appeal statute.[3]

**2.** Though the majority concludes that the December 1, 2009 judgment was appealable under the *Huston* case, the majority does not state that the judgment was final or deemed to be final. *See ante* at pp. 674–75.

Under applicable precedent, the trial court's denial of Jeffrey's February 2010 motion for disbursement should not be deemed a final judgment for appellate purposes because (1) no statute specifically states that such an order should be treated as a final judgment and (2) in its order, the trial court did not dispose of all issues in a particular phase of the receivership proceeding. *See Huston,* 800 S.W.2d at 847–48; *Crowson,* 897 S.W.2d at 783. Because no statute provides for an interlocutory appeal from such an order and because, under applicable precedent, this court should not deem this order to be a final judgment, this court lacks appellate jurisdiction.

**3.** There are other issues. For example, if Rule 329b does not apply, then a motion for new trial or a motion to modify the judgment apparently would be timely even if filed eighty-nine days after the judgment. If so, there would be an issue as to whether a party could file such a motion on the eighty-ninth day after the judgment deemed final for appellate purposes and then timely appeal on the ninetieth day. *See* Tex.R.App. P. 26.1 ("the notice of appeal must be filed within ninety days after the judgment is signed if any party timely files: (1) a motion for new trial; (2) a motion to modify the judgment....").