ACCEPTED
04-15-00306-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
8/28/2015 4:18:21 PM
KEITH HOTTLE
CLERK

# No. 04-15-00306-CV

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

8/28/2015 4:18:21 PM
KEITH E. HOTTLE
Clerk

IN THE COURT OF APPEALS
FOR THE FOURTH DISTRICT OF TEXAS
AT SAN ANTONIO

_____

CYNTHIA L. BARKMAN and CHARLES N. BARKMAN
*Appellants*,

v.

USAA FEDERAL SAVINGS BANK,
*Appellee*.

On Appeal from the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2015CV01936
Honorable Jason Wolff, Presiding

## USAA FEDERAL SAVINGS BANK'S MOTION FOR SANCTIONS

Selim H. Taherzadeh
Taherzadeh, PLLC
State Bar No. 24046944
st@taherzlaw.com
5001 Spring Valley Road,
Suite 1020W
Dallas, TX 75244
Tel. (469) 729-6800

Jeremiah B. Hayes
Taherzadeh, PLLC
State Bar No. 24048532
jh@taherzlaw.com
5001 Spring Valley Road,
Suite 1020W
Dallas, TX 75244
Tel. (469) 729-6800

ATTORNEYS FOR APPELLANT

ORAL ARGUMENT REQUESTED

**August 28, 2015**

| | | |
|---|---|---|
| **CHARLES N. BARKMAN, JR. and CYNTHIA L. BARKMAN,** | § § § | **IN THE COURT OF APPEALS** |
| **Appellant,** | § § | |
| **v.** | § § | |
| **USAA FEDERAL SAVINGS BANK,** | § § § | |
| **Appellee.** | § § | **FOURTH COURT OF APPEALS DISTRICT** |

## USAA FEDERAL SAVINGS BANK'S MOTION FOR SANCTIONS

**TO THE HONORABLE JUDGE OF SAID COURT:**

Comes now USAA Federal Savings Bank ("Appellee") in the above-entitled and numbered cause, and files this its Motion for Sanctions pursuant to Texas Rules of Appellate Procedure § 45 and shows the following:

### I.   SUMMARY

Appellants reside at 9408 Fernglen Drive, San Antonio, Texas 78240, despite their failure to make the regular monthly payments agreed to between the Appellants and Appellee under a note and deed of trust that ultimately led to a foreclosure. Appellee has now been forced into four separate State District Court actions, two Bankruptcy cases, a Justice Court case, a County Court at Law case, and now the Court of Appeals. Despite the now nine separate courts, at no point in time have Appellants shown the ability or a willingness to make the agreed payments. In fact, Appellants specifically disclaimed any interest in the property at issue in the United States Bankruptcy Court despite the filing of this additional lawsuit to stop a valid foreclosure. This lawsuit is groundless, brought in bad faith, and filed for the sole purpose of delay and harassment against Appellee.

## II.   FACTS

### A.   The Parties' Agreement

On September 8, 2006, Appellants Charles N. Barkman and Cynthia L. Barkman ("the Barkmans") executed a 15-year Texas Home Equity Note ("Note") in which they agreed to repay $120,299.28 to Appellee USAA Federal Savings Bank ("USAA") in monthly installments of $1,082.31, with the first payment taking place in October of 2006. *See* Exhibit A. The Barkmans secured the payment of the Note with the real property commonly known as 9408 Fernglen Drive, San Antonio, Texas 78240 ("Property). The Barkmans executed a Deed of Trust in which they agreed to repay the amount owed to USAA in accordance with the Note and used the property as collateral for their repayment. *See* Exhibit B. Under the Deed of Trust, the Barkmans agreed that USAA "may accelerate the Note and foreclose [the] Security Instrument in a manner provided by law if [the Barkmans are] in default." *See* Exhibit B at ¶ 13. If USAA invoked the power of sale, the Barkmans authorized the trustee under the Deed of Trust to sell the home to the highest bidder for cash and agreed that USAA was allowed to purchase the home at any such sale. *Id.*

### B.   Default by the Barkmans

After the Barkmans fell behind on the mortgage payments, USAA petitioned for and was granted an Order Allowing Foreclosure by the 166th District Court in Bexar County under Cause Number 2009-CI-16202 on April 1, 2010. *See* Exhibit C.

### C.   The Barkmans' First Bankruptcy

In order to avoid the foreclosure, the Barkmans filed for bankruptcy protection under Case Number 10-51713-cag on May 3, 2010. Due to the Barkmans falling behind on their post-petition mortgage payments, USAA filed a Motion from Relief of Stay on August 31, 2012. *See* Exhibit D. The Barkmans initially denied the allegations in the Motion for Relief. *See* Exhibit E.

Ultimately, an Agreed Order Modifying Stay was entered on September 24, 2012. *See* Exhibit F. A Notice of Termination of Automatic Stay was filed by USAA on April 26, 2013. *See* Exhibit G. Bankruptcy Case 10-51713 was ultimately dismissed on May 28, 2013 for the Barkmans' failure to make the Chapter 13 plan payments. *See* Exhibit H.

### D. The Barkmans' Second Bankruptcy and Termination of Stay

On July 2, 2013, Cynthia Barkman filed a second bankruptcy under Case Number 13-51785-rbk. On October 21, 2013, USAA filed a Motion for Relief from Stay in regards to the property since the Barkmans were behind on 43 contractual payments going back to 2010. *See* Exhibit I. On November 18, 2013, the court entered an Agreed Order Terminating Stay as to both of the Barkmans. *See* Exhibit J. The Order was agreed to on behalf of the Barkmans by the Barkmans' bankruptcy attorney Magdalena Gonzales and specifically stated USAA could proceed with the "foreclosure sale of the property." *Id.*

On March 7, 2014, Cynthia Barkman filed a Motion to Modify Confirmed Chapter 13 Plan in Case Number 13-51785. *See* Exhibit K. The Motion to Modify was based on the termination of stay as to the Property. *Id.* Cynthia Barkman was seeking to lower her monthly plan payments by excluding USAA and Bexar County (Tax District). *Id.* On April 2, 2014, Cynthia Barkman filed an Amended Motion to Modify. *See* Exhibit L. Once again, the Motion to Modify was based on the termination of stay as to the Property. *Id.* Cynthia Barkman was seeking to lower her monthly plan payments by excluding USAA and Bexar County (Tax District) and now Propel Financial Services, another lienholder on the Property. *Id.* On April 9, 2014, another Amended Motion to Modify Plan was filed. *See* Exhibit M. Once again, the Motion to Modify was based on the Agreed Order Terminating the Stay. *Id.* On April 17, 2014, Judge King signed an Order granting the modification. *See* Exhibit N. Specifically, the Order

allowed the debtor to "surrender the home owed to USAA Federal Savings Bank" and allow Cynthia Barkman to remove USAA, Bexar County, and Propel from the Debtor's Chapter 13 plan. *Id.*

On July 3, 2014, the Barkmans and Bexar County filed a Joint Motion for Relief from Stay against the property at 9406 Fernglen. *See* Exhibit O. In said motion, "[t]he Debtor disclaims any interest in the Subject Property…and an Agreed Order Terminating Stay with the mortgage lienholder…" had already been entered. *Id.* On July 3, 2014, Judge King signed the Joint Agreed Order terminating the stay as to Bexar County authorizing it to foreclose its tax lien on the Property.

### E. Application for Court Order Allowing Foreclosure

On March 23, 2014, USAA filed an Application for Court Order Allowing Foreclosure of a Lien Securing a Home Equity Loan Under Texas Constitution Article XVI, Section 50(a)(6) with the 224th Judicial District of Bexar County under Cause Number 2014-CI-04669. *See* Exhibit P. On May 7, 2014, after the Barkmans failed to respond, USAA filed a Motion for Default Judgment Allowing Foreclosure. The Order for Default Judgment Allowing Foreclosure ("Order") was signed by the Presiding Judge on May 8, 2014. *See* Exhibit Q. Following the signing of the Order, USAA sent the Barkmans a Notice of Acceleration and Trustee's Sale on May 9, 2014 by first-class and certified mail in compliance with the Deed of Trust and Texas Property Code 51.002.

### F. The Barkmans' First Lawsuit and Non-Suit with Prejudice

On June 2, 2014, in spite of the Agreed Order Terminating Stay, the Barkmans filed a lawsuit in the 166th Judicial District Court of Bexar County in order to stop foreclosure sale scheduled for June 3, 2014 under Cause Number 2014-CI-08731. *See* Exhibit R. The Barkmans

asserted a variety of claims alleging that USAA was attempting to wrongfully foreclose on the property because Cynthia L. Barkman was not sent "an acceleration notice, a trustee sale notice, nor a notice to cure[.]" *Id.*

On June 2, 2014, the Barkmans obtained an ex-parte Temporary Restraining Order to stop the foreclosure sale scheduled by USAA. *See* Exhibit S. Despite notifying the Bankruptcy Court that the Barkmans surrendered the property and disclaimed all interest in the property, the pleading states that they are "the exclusive owners of 9406 Fernglen…" *Id.* The allegations contained in the Petition also included things such as "[USAA]'s security interest in the property is terminated under 15 U.S.C. 1635…"*Id.*

On June 18, 2014, USAA filed a Motion to Dismiss pursuant to Tex R. Civ Proc. 91(a) and a Motion for Sanctions. *See* Exhibit T. On July 8, 2014, the Barkmans' attorney (James Minerve) agreed to Non-Suit their case with prejudice if USAA agreed to postpone the foreclosure until the September sale. *See* Exhibit U.

### G. The Barkmans' Second Original Petition for Wrongful Foreclosure and Application for Temporary Restraining Order and Injunctive Relief

On August 29, 2014, despite the previous Non-Suit with prejudice, USAA's agreement to wait until September to foreclose, and the surrender and disclaimer of interest of the property in Bankruptcy Court, the Barkmans filed another lawsuit under cause number 2014-CI-13755 to stop the foreclosure sale scheduled for September 2, 2014. *See* Exhibit V. The Barkmans and their attorney (James Minerve) received actual notice of the September foreclosure sale by at least August 14, 2014 and their attorney from his own email request on July 8, 2014. Nevertheless, the Barkmans waited until Friday August 29, 2014 at 2:30 p.m. to fax USAA's counsel that the Barkmans would be seeking a second Ex-Parte Temporary Restraining Order within the hour. In this lawsuit, the Barkmans once again claimed to be the "exclusive owner of

9406 Fernglen Drive…" *Id.* However, this time the lawsuit is based on the Barkmans' allegations that the Notice of Sale was ambiguous because said notice stated the sale will take place between the hours of 10:00-4:00 and will begin no sooner than 1:00 p.m. or three hours thereafter. *See* Exhibit X. Chapter 51.002 of the Texas Property code specifically provides that a foreclosure "must be a public sale at auction held between the hours of 10 a.m. and 4 p.m…notice of sale, which must include a statement of the earliest time at which the sale will begin…[t]he sale must begin at the time stated in the notice of sale or not later than three hours after that time." The Barkmans alleged no other grounds as to why USAA should not have been allowed to foreclose.

On September 17, 2014, the Barkmans non-suited this suit without prejudice. On September 19, 2014, USAA filed a Motion for Sanctions pursuant to Texas Rules of Civil Procedure § 13 and Texas Civil Practice and Remedies Code § 10. That court awarded sanctions to USAA on December 3, 2014. *See* Exhibit W. The sanctions award remains unpaid.

**H. Foreclosure of the Property and the Eviction Lawsuit**

On February 3, 2015, USAA purchased the Property at a foreclosure sale and recorded a Substitute Trustee's Deed on February 13, 2015, thereby establishing itself as record owner of the Property. *See* Exhibit X.

USAA subsequently filed a Sworn Petition for Forcible Entry and Detainer after the Barkmans failed to vacate the Property upon USAA's written demand to the Barkmans under case number 21E1500594. The Justice of the Peace Court, Precinct 2, of Bexar County, Texas granted a default judgment for possession of the Property on March 4, 2015. *See* Exhibit Y. The Barkmans then filed their Notice of Appeal of that court's judgment.

The case was then appealed by the Barkmans to the County Court at Law No. 3 of Bexar

County, Texas.  That court entered judgment in favor of USAA, granting USAA possession of the Property.  *See* Exhibit Z.  The Barkmans then filed a Notice of Appeal of that judgment to this Court.

### I.  Court of Appeals

On June 22, 2015, this Court notified the clerk and reporter that both the clerk's record and the reporter's record were late.  On June 24, 2015, per this Court's request, the reporter notified this Court that the Barkmans had not yet paid his fee.  As of the date of this motion, over a month later, the reporter's record has yet to be filed.  On July 21, 2015, the clerk's record was filed.

On July 6, 2015, this Court ordered the Barkmans to file a brief within 30 days, which the Barkmans have not done.  The reporter's record has not been filed either, and the Barkmans have failed to comply with this Court's orders.

### III.  <u>SANCTIONS SHOULD BE ORDERED AGAINST THE BARKMANS AND THEIR ATTORNEY</u>

Sanctions should be ordered against the Barkmans and their attorney (James Minerve) because the Barkmans and their attorney have knowingly and intentionally filed frivolous pleadings against USAA on numerous separate occasions for the sole purpose of delay and harassment.  The Barkmans have routinely filed last-minute lawsuits that are either ruled against the Barkmans by the court or withdrawn by the Barkmans for over five years now.

The Barkmans have relentlessly caused unnecessary delay and confusion, and the result is more fees and costs to USAA, in addition to continued injury to USAA by the non-payment of its loan by the Barkmans.

At least one court has agreed so far.  As mentioned above, the 407th Judicial District Court of Bexar County, Texas awarded sanctions to USAA against Cynthia Barkman in the amount of $3,830.94 due to her behavior as described above up to that point.

Even after the imposition of sanctions, the Barkmans continue to file frivolous pleadings.

### a. Standard for Imposing Sanctions

Sanctions may be imposed by this Court under Tex. R. App. P. § 45:

> "If the court of appeals determines that an appeal is frivolous, it may - on motion of any party or on its own initiative, after notice and a reasonable opportunity for response - award each prevailing party just damages. In determining whether to award damages, the court must not consider any matter that does not appear in the record, briefs, or other papers filed in the court of appeals."

The test for whether an appeal is frivolous is outlined by the Court of Appeals of Texas, Fourteenth District, Houston, in the case of *London v. London*:

> "If an appeal is frivolous, the appellate court may award the prevailing party just damages. TEX. R. APP. P. 45. **[676]** To determine if an appeal is frivolous, we review the record from the viewpoint of the advocate and decide whether there were reasonable grounds to believe the case could be reversed. *Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex. App.—Houston [14th Dist.] 2011, pet. filed) (en banc). Because the question of whether there were reasonable grounds for such a belief is an objective one, an appeal can be frivolous even absent bad faith. *Id*."

*London v. London*, 349 S.W.3d 672, 675-676 (Tex. App. Houston 14th Dist. 2011).  Therefore, this Court must review the record from the Barkmans' attorney's viewpoint to decide whether he had reasonable grounds to believe the case could be reversed.

### b. Appeal of Eviction Judgment

The Barkmans are appealing the judgment of the County Court at Law that awarded possession of the Property to USAA.  In the Barkmans' appeal to the County Court at Law No. 3 of Bexar County, Texas, Case No. 2015CV01936, the Barkmans filed a Plea to the Jurisdiction in which they attempt to attack the judgment of the Justice Court in three ways.  *See* Exhibit AA.

The first two attempts are arguments that USAA somehow violated 12 USC § 2605 (k)(C) (also known as RESPA) in foreclosing on the property and that the substitute trustee lacked authority to foreclose. However, such arguments would only be proper in a wrongful foreclosure suit, not a forcible detainer action.

As the Barkmans themselves point out in their Plea to the Jurisdiction in paragraph 29, although cited incorrectly (Tex. R. Civ. P. § 746 was repealed and replaced), "The court must adjudicate the right to actual possession and not title…A claim that is not asserted because of this rule can be brought in a separate suit in a court of proper jurisdiction." *Tex. R. Civ. P. § 510.*

It is clear on their face that the Barkmans' arguments regarding a RESPA violation or the substitute trustee's capacity to sell the Property are issues regarding title to the Property, not merely possession. Therefore, these arguments were properly disposed of by the County Court at Law, and the Barkmans' counsel has no reasonable grounds to believe the case could be reversed by this appeal.

The third attempt is an argument that the Justice Court and County Court at Law lack subject matter jurisdiction over the case because the issue of title to the Property is intertwined with the issue of possession. The Barkmans cite the case of *Mitchell v. Armstrong Capital Corp.*, 911 S.W.2d 169 (Tex. App. – Houston [1st District] 1995). That case involved a forcible entry and detainer case where the Court of Appeals held that because of pending litigation in a state district court involving title to the property, the justice court and county court lacked subject matter jurisdiction.

In this case, the Barkmans have not alleged any pending litigation over title to the Property in any court whatsoever. Therefore, the *Mitchell* case does not apply to the facts in this

case, and the Barkmans' counsel has no reasonable grounds to believe the case could be reversed.

### c. Res Judicata

Even if the Barkmans could surmount these hurdles, the Barkmans have more issues to overcome in order to convince this Court that their appeal is not frivolous.

As recited above, the Barkmans filed an Application for Temporary Restraining Order in this Cause after they already filed a Non-Suit with prejudice in a prior state district court action (see Page 5, paragraph G above re: cause no. 2014-CI-13755). The fact that the Barkmans filed a notice of Non-Suit with prejudice makes any further issue the Barkmans may bring moot, as the Non-Suit renders the merits of the case moot. *The University of Texas Medical Branch at Galveston v. Estate of Blackmon*, 195 S.W.3d 98 at 101. (Tex.2006). The Barkmans also attempt to challenge the Order Allowing Foreclosure issued under Cause Number 2014-CI-04669. However, the Barkmans would be barred under *res judicata* from challenging the right for USAA to foreclosure based both upon the Agreed Order Terminating Stay issued in Bankruptcy and the Non-Suit with prejudice. The Barkmans can no longer challenge the right of USAA to foreclose. Additionally, to the extent the the Barkmans have an issue with the Notice of Sale provided to them, this claim is also barred by *res judicata*. The same wording in the prior Notice of Sale was used for the June 3, 2014 foreclosure sale and if the Barkmans had an issue with the language, the Barkmans should have raised the claim in that matter and cannot come back, after a Non-Suit with prejudice, and challenge the language.

Under *res judicata*, a final judgment on the merits of an action precludes the parties from re-litigating issues that were or could have been raised in the prior action. *See Oreck Direct,*

*LLC v. Dyson, Inc.,* 560 F.3d 398, 401 (5th Cir. 2009). The purpose of *res judicata* is to preclude parties from contesting matters that they have had a full and fair opportunity to litigate with the goal of conserving judicial resources, minimizing the possibility of inconsistent decisions, and protection parties from the expense and vexation of attending to multiple lawsuits. *See Taylor v. Sturgell,* 553 U.S. 880, 892 (2008). For *res judicata* to apply, the following elements must be present: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the same parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Igal v. Brightstar Info Tech Group Inc*., 250 SW.3d 78 (Tex. 2008). *Res judicata* applies if it arises out of the same subject matter as the prior suit, and that subject matter could have been litigated in the prior suit. *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430 (Tex. 2007).

A Non-Suit with prejudice immediately alters the legal relationship between the parties by its *res judicata* effect, and a defendant prevails when the plaintiff nonsuits with prejudice. *Epps vs. Fowler*, 251 S.W.3d 862 (Tex. 2011). Dismissal with prejudice is a final determination on the merits. *Mossler v. Shields*, 818 SW2d 752 (Tex. 1991).

The Barkmans are thus barred by *res judicata* as USAA can establish all three elements. First, both the Non-Suit with prejudice and the Agreed Order Terminating stay acted as a final judgment on the merits as to the right of USAA to foreclose on the Property. Second, the parties are identical. Third, the Barkmans' wrongful foreclosure claim is within the same subject matter as the prior suit.

Therefore, it is beyond reason for the Barkmans' counsel to believe that the case could be reversed on appeal, as all the issues raised by the Barkmans have been previously adjudicated against them.

## IV.    <u>**CONCLUSION**</u>

Because the Barkmans' counsel has no reasonable grounds to believe the case could be reversed on appeal, this appeal is frivolous and this Court may award damages to USAA under Tex. R. App. P. § 45.  While this rule does not require a showing of bad faith by the Barkmans or their attorney, "[n]onetheless, this court still may consider a party's bad faith in taking an appeal, for example, when determining the amount of just damages to award under Rule 45."  *Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex. App. Houston 14th Dist. 2011).

As the Barkmans and their attorney have delayed the foreclosure of the Property for over five years, have filed numerous lawsuits to delay the foreclosure, have filed suits even after surrendering the Property, agreeing to foreclosure, and dismissing their claims with prejudice, and have taken no action in this appeal after filing a notice of the appeal, USAA seeks an award of damages sufficient to compensate USAA for its continued injury and expenses, and to punish the Barkmans and their attorney.

Respectfully submitted,

BY: /S/ *SELIM  H. TAHERZADEH*
**TAHERZADEH, PLLC**
Selim H. Taherzadeh
st@taherzlaw.com
Texas Bar No. 24046944
5001 Spring Valley Road, Suite 1020W
Dallas, Texas 75244
Tel.  (469) 729-6800
Fax. (469) 828-2772

**ATTORNEYS  FOR  APPELLEE  USAA  FEDERAL SAVINGS BANK**

## CERTIFICATE OF SERVICE

I certify that on August 28, 2015 this document was served upon the following parties by email, facsimile, and certified mail.

James Minerve
115 Saddle Blanket Trail
Buda, Texas 78610
(T) 210-336-5867
(F) 888-230-6397
jgminerve@aol.com

*Selim H. Taherzadeh*
Selim H. Taherzadeh