# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00233-CV

---

**Cove Funding, LP and its Subsidiary HPS Admin, LLC, Appellants**

**v.**

**Marcy Barba and Jorge Barba, Appellees**

---

### FROM THE 345TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-20-004284, THE HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Cove Funding, LP and its subsidiary HPS Admin, LLC (collectively, Cove Funding) attempt to appeal from the trial court's denial of their motion for turnover in this post-judgment collection proceeding brought by Marcy and Jorge Barba against Healthpointe Solutions, Inc. *See* Tex. Civ. Prac. & Rem. Code § 31.002 ("Collection of Judgment Through Court Proceeding"). Because we lack subject-matter jurisdiction over this appeal, we dismiss it for want of jurisdiction.

In early 2020, the Barbas obtained a default judgment against Healthpointe in Nevada. Later that year, the Barbas domesticated the foreign judgment in Texas and filed an application for turnover relief and appointment of a receiver against Healthpointe to collect on the judgment. *See id.* § 31.002(b). Shortly thereafter, the trial court rendered an order

appointing a receiver (Receiver) "to take possession of and sell the leviable assets of" Healthpointe.

The trial court's docket sheet indicates no further filings, hearings, or orders in the proceeding until February 2025, when Cove Funding—a third party to the proceeding and neither a creditor nor a debtor to the judgment—filed the subject motion requesting the court to "enter an order granting Cove [Funding] ownership of all assets" of Healthpointe and "directing Receiver to permit Cove [Funding] to exercise the rights of ownership over those items."

In its motion, Cove Funding represented that the Receiver had allowed Healthpointe's business to continue rather than liquidate its assets and that the Receiver had negotiated a forbearance agreement by which Healthpointe was to pay the Barbas periodic payments towards the judgment. Cove Funding represented that it "financially supported" Healthpointe's continued business operations by loaning it money and paying its employees' wages and that during the period of post-receivership business operations, Healthpointe—a medical technology company that has developed artificial-intelligence tools for the medical industry—obtained more than forty patents, keeping them in force with ongoing maintenance and extension fees.

Cove Funding further represented in its motion that Healthpointe granted it a security interest in all of its assets, including the patents, in exchange for the loan Cove Funding made to Healthpointe. Cove Funding alleged that it properly provided public notice of its security interest by filing a UCC financing statement and notices with the United States Patent and Trademark Office. Cove Funding further represented that it had communicated directly with the Receiver before it provided the loan and received its security interest and that the Receiver was aware of such facts. Cove Funding alleged that Healthpointe is in default on its note, that

2

Cove Funding thus is entitled to receive its collateral, and that the trial court "has the power to direct the Receiver to turnover that collateral." Cove Funding asserted that Healthpointe's continued business operations were "not successful," that "the time to liquidate the business has come," and that "the debts incurred [during the period of continued operations, such as Cove Funding's loans] are to be paid first" because they are "priority claims." Cove Funding supported its motion with the declaration of Avraham Burger, the managing member of Cove Funding's general partner.

The Barbas filed an objection to Cove Funding's motion. After a non-evidentiary hearing on the motion, the trial court signed the subject "Order Denying Motion to Turn[ O]ver Assets to Claimant." Although the order states that "the Motion is hereby DENIED in its entirety," the order was not rendered after a conventional trial on the merits and contains no language of finality. *Cf. Vaughn v. Drennon*, 324 S.W.3d 560, 561 (Tex. 2010) (acknowledging *Aldridge* presumption that any judgment following conventional trial on merits is presumed to be final for purposes of appeal); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001) (noting that language typically indicating finality involves statements such as "this judgment finally disposes of all claims and all parties and is appealable").

Cove Funding filed a notice of appeal from the order. In its appellant's brief, Cove Funding prays that this Court reverse the trial court's order and "direct the Receiver to honor Cove [Funding]'s priority right to the remainder of the receivership estate . . . by granting ownership to Cove [Funding] of the assets of the receivership defendant." In their appellees' brief, the Barbas contend that this Court lacks jurisdiction to review the order because it is interlocutory and not otherwise appealable under any applicable statute or caselaw. We agree with the Barbas.

3

Generally, only final judgments are appealable. *See Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co.*, 540 S.W.3d 577, 581 (Tex. 2018) (per curiam). A judgment is not final for purposes of appeal unless it resolves all issues between all parties not severed, *see Continental Airlines, Inc. v. Kiefer*, 920 S.W.2d 274, 276 (Tex. 1996), which the subject order does not do. Interlocutory orders may be appealed only when expressly permitted by statute, *Scripps NP Operating, LLC v. Carter*, 573 S.W.3d 781, 788 (Tex. 2019), with some limited exceptions for certain orders rendered in receivership and probate proceedings, *Lehmann*, 39 S.W.3d at 195. A trial court's order that "resolves a discrete issue in connection with any receivership has the same force and effect as any other final adjudication of a court, and thus, is appealable." *Huston v. Federal Deposit Ins.*, 800 S.W.2d 845, 847 (Tex. 1990).

An order rendered in a receivership proceeding is appealable if it "finally adjudicates a substantial right, whereas if it merely leads to further hearings on the issue, it is interlocutory" and therefore not appealable. *See id.* at 848. In other words, an order in a receivership proceeding is considered final for appellate purposes if it "conclusively disposes of and is decisive of the issue or controverted question for which that particular part of the proceeding was brought, even if the decision does not fully and finally dispose of the entire" proceeding. *Id.* In that vein, the supreme court has recently determined that a turnover order is considered final and appealable when it serves as a mandatory injunction ordering a judgment debtor to turn over assets about which there is an ownership dispute, as the turnover order constituted an adjudication of the ownership of the funds. *See Alexander Dubose*, 540 S.W.3d at 587. However, other portions of that same order—which merely required disputed funds to be deposited into the court's registry—were not appealable. *See id.*

4

Given these standards, we conclude that the order neither finally adjudicates any substantial rights; nor conclusively disposes of any controverted questions for which the receivership proceeding, or any phase thereof, was brought; nor serves as a mandatory injunction. The trial court made no fact findings or conclusions of law about the validity of Cove Funding's security interest or as to any substantive rights Cove Funding might have to Healthpointe's assets.[1] That is, the trial court did not adjudicate any substantial right of Cove Funding. Rather, the trial court's order merely denied Cove Funding's request that it be granted ownership of Healthpointe's assets and that the Receiver be ordered to accordingly turn over Healthpointe's assets to Cove Funding.

Our conclusion is consistent with other appellate decisions in which courts have determined that interlocutory orders similar to the subject order are not final for purposes of appeal: a trial court's order denying a motion for disbursement, *see London v. London*, 349 S.W.3d 672, 674 (Tex. App.—Houston [14th Dist.] 2011, no pet.); a trial court's order denying a request to disburse part of the proceeds of a foreclosure sale, *see Nelson v. Lubbock Cent. Appraisal Dist.*, No. 07-02-0349-CV, 2003 WL 1987959, at *2 (Tex. App.—Amarillo Apr. 30, 2003, no pet.) (mem. op.); and a trial court's order setting aside an order to disburse excess proceeds from a foreclosure sale, *see Johnson v. Ameriquest Mortg. Co.*, No. 14-04-00121-CV, 2004 WL 1066750, at *1 (Tex. App.—Houston [14th Dist.] May 13, 2004, no pet.) (mem. op.) (per curiam). The subject order is more akin to the orders at issue in these just-cited cases than to orders that appellate courts have determined are final for purposes of appeal, such

---

[1] At the hearing on Cove Funding's motion, the Barbas argued that Cove Funding could not have obtained a valid security interest on Healthpointe's assets while they were *in custodia legis* (i.e., under court supervision) without the court's approval. While the parties dispute the significance and effect of this doctrine in their briefing on appeal, we need not address it to resolve the issues necessary to disposition of this appeal. *See* Tex. R. App. P. 47.1, 47.4.

as the following:  the trial court's approval and confirmation of a receiver's sale of property, *see Huston*, 800 S.W.2d at 848; the trial court's approval of a receiver's settlement agreement with a beneficiary, including a trust's sale of its judgment against that beneficiary, *see Lee v. Lee*, 528 S.W.3d 201, 211 (Tex. App.—Houston [14th  Dist.] 2017, pet. denied); and a trial court's order allowing fees incurred by a receiver and an accountant to be paid to date of the order, *see Bergeron v. Session*, 554 S.W.2d 771, 775 (Tex. App.—Dallas 1977, writ ref'd n.r.e.).  We hold that the order Cove Funding attempts to appeal is a non-appealable interlocutory order over which we do not have subject-matter jurisdiction.

Cove Funding asks that this Court construe its attempted appeal, in the alternative, as a petition for writ of mandamus.  *See Bizkeeping Corp. v. Benton*, 714 S.W.3d 857, 863–64 (Tex. App.—Houston [1st Dist.] 2025, no pet.) (construing attempted appeal from turnover order rendered in post-judgment receivership proceeding as petition for writ of mandamus when appellate jurisdiction was lacking and granting mandamus relief).  In *Bizkeeping*, however, the order at issue was one requiring the judgment debtor to turn over to the receiver for liquidation assets in which a third party asserted an ownership interest.  *See id.* at 865.  The appellate court determined that the order operated as a mandatory injunction for which the third party—a non-party to the collection proceeding—would have no adequate remedy by appeal after the assets were turned over.  *See id.* at 865–66.  The appellate court additionally determined that the trial court abused its discretion by effectively adjudicating the third party's substantive rights concerning ownership of the property, despite applicable precedent prohibiting a trial court from issuing orders under the turnover statute "as to the rights of third parties."  *See id.* at 864–65.

In contrast, here, the trial court's order did not require the turnover of any property, did not adjudicate any substantive rights, and merely continued the status quo—that is,

6

Healthpointe's assets were already in the Receiver's custody and control when Cove Funding obtained its security interest, the assets remained in the Receiver's custody and control after rendition of the order, and Cove Funding may still pursue whatever legal remedies exist to enforce its security interest. *Cf.* Tex. Bus. & Com. Code §§ 1.201(35) (defining "security interest"), 9.601–.628 (providing for enforcement of secured party's rights after debtor's default). Also unlike in *Bizkeeping*, although Cove Funding in its prayer asked the trial court (and this Court) to "grant it ownership" of the assets at issue, in the substance of its motion Cove Funding did not assert any bona fide ownership interest in the property but only that it had a security interest in and a "priority claim" with respect to the property. Ownership rights are distinct from security interests in specified collateral. *See, e.g.*, Tex. Bus. & Com. Code §§ 9.610 (providing for secured party's rights to *dispose of* collateral (such as through sale) after debtor's default and specifically providing means by which secured party may *purchase* such collateral), .615 (providing for how secured party shall apply proceeds of disposition of collateral).

Apart from its citation to *Bizkeeping*, Cove Funding does not provide any substantive argument as to why it is entitled to mandamus relief—that is, how its request meets the requirements to be entitled to extraordinary relief. Mandamus will issue only if the relator establishes a clear abuse of discretion for which there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). As to the first requirement, because a trial court has no discretion in determining what the law is or applying the law to the facts, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may support mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

But rather than demonstrating that the trial court clearly abused its discretion through a failure to analyze or apply the law correctly, Cove Funding makes several inapposite arguments about the alleged unfairness of (a) the Receiver's allowing Healthpointe's business to continue and the company to incur the debt owing to Cove Funding and (b) the trial court's "failure to approve" Cove Funding's "priority claim" to Healthpointe's assets amidst the company's alleged insolvency.[2] A turnover proceeding under section 31.002 of the Texas Civil Practice and Remedies Code is merely a procedural device that permits a trial court to order the judgment debtor to turn over nonexempt property that is in the judgment debtor's possession or control. *See Van Dyke v. Littlemill Ltd.*, 579 S.W.3d 639, 644 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (citing *Alexander Dubose*, 540 S.W.3d at 581). "It is not to be used to determine parties' and non-judgment debtors' substantive rights or property rights." *Id.* (citing *Alexander Dubose*, 540 S.W.3d at 583). Rather than improperly making a determination of any party's substantive or property rights in this turnover proceeding, the trial court by its order denying Cove Funding's motion instead followed applicable law. *See Alexander Dubose*, 540 S.W.3d at 584 (recognizing precedent barring use of turnover statute to determine parties' and non-judgment debtors' substantive rights). Cove Funding has not demonstrated that the trial court clearly abused its discretion, and we accordingly deny mandamus relief.

---

[2] Cove Funding also cites several cases that do not demonstrate an abuse of discretion by the trial court. *See, e.g.*, *Chase Manhattan Bank v. Bowles*, 52 S.W.3d 871, 880 (Tex. App.—Waco 2001, no pet.) (outlining two exceptions to general rule that lienholder's interest in property held in receivership has priority over costs and expenses incurred in administration and operation of receivership); *Tweedie Footwear Corp. v. Fonville*, 115 S.W.2d 421, 426–27 (Tex. App.—Dallas 1938, writ ref'd) (acknowledging that debts incurred by business that continues to operate post-receivership are entitled to repayment).

**CONCLUSION**

Having determined that the order from which Cove Funding seeks to appeal is a non-appealable interlocutory order, we dismiss this appeal for lack of subject-matter jurisdiction. We also deny Cove Funding's alternative request for mandamus relief.

_____

Karin Crump, Justice

Before Chief Justice Byrne, Justices Crump and Ellis

Dismissed for Want of Jurisdiction

Filed:   February 3, 2026

9