

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-07-00100-CV
_____

MAJOR KENNEDY, JR., AND WESLEY MOORE, INTERVENOR, Appellants

V.

OGDEN S. HUDNALL, TRUSTEE FOR
OGDEN S. HUDNALL TRUST #2, ET AL., Appellees

On Appeal from the 4th Judicial District Court
Rusk County, Texas
Trial Court No. 2005-410

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION

This is an attempt to appeal from a post-judgment order. The plaintiffs below were several trusts[1] (collectively, the Trusts) who, on February 14, 2007, had obtained a final judgment of just over $300,000.00 against Major Kennedy, Jr., for theft of timber.[2] One month after that judgment, on March 15, 2007, Kennedy filed a deed dated March 14, 2007, purporting to transfer his interest in 1,704 acres of property to his good friend, Wesley Moore.[3] The next week, on March 21, 2007, the Trusts filed their abstract of judgment and the clerk issued a writ of execution.

The Trusts believed Kennedy's conveyance of the 1,704 acres was fraudulent and sought to enforce or satisfy their judgment via a post-judgment "Motion for Turnover Relief"[4] filed under the theft of timber cause of action.[5] The motion pled certain facts required for turnover, but actually

---

[1]Ogden S. Hudnall, Trustee for Ogden S. Hudnall Trust #2; Lometa Hudnall Cox, Trustee for Lometa Hudnall Cox Trust #2; Lynne Pirtle, Trustee for Lynne Pirtle Trust; Jeanann Pirtle, Trustee for Jeanann Pirtle Trust; and Bank of America, Trustee for James T. Pirtle Trust #4 and Trustee for George William Pirtle, III, Trust #4.

[2]The judgment was against Kennedy and another party, jointly and severally.

[3]The extent of Kennedy's ownership was disputed by the Trusts.

[4]*See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002 (Vernon Supp. 2007).

[5]The notice of sheriff's sale on the writ of execution issued May 9, 2007, the day after the Trusts' "Motion for Turnover Relief" was filed, and included numerous properties owned by Kennedy, but did not include the 1,704-acre property.

2

requested that the sheriff seize and sell the allegedly fraudulently transferred property pursuant to the Fraudulent Transfer Act (FTA).[6]

After a two-day hearing,[7] the court issued an order titled "Order for Turnover Relief," from which Moore and Kennedy attempt to appeal. The difficulty of the determination of the issues in this case is compounded by the fact of inartful pleading and drafting. In addition, although the Trusts maintain that their sole purpose was to pursue the issuance of execution pursuant to Section 24.008(b) of the Texas Business and Commerce Code, it is clear that the parties believed that they were litigating the issue of fraudulent transfer in the same suit which had previously been a suit for damages for the theft of timber—something which is not permitted under Section 24.008(a), which requires a separate lawsuit for that purpose. *See* TEX. BUS. & COM. CODE ANN. § 24.008(b). We have determined that this order is not a final judgment or an order susceptible to appeal and, accordingly, that we lack jurisdiction to consider the appeal.

## A.    Appellate Jurisdiction

Even if not raised by the parties, we may not ignore a lack of appellate jurisdiction. *See New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 679 (Tex. 1990); *McCauley v. Consol. Underwriters*, 157 Tex. 475, 478, 304 S.W.2d 265, 266 (1957). "Courts always have jurisdiction

---

[6]*See* TEX. BUS. & COM. CODE ANN. § 24.008 (Vernon 2002).

[7]Moore, who had not been a party in the underlying theft of timber action, was present at and participated in the hearing on the Trusts' post-judgment motion. The court granted Moore's plea to intervene, made after the hearing, after entering the order now appealed.

to determine their own jurisdiction." *Houston Mun. Employees Pension Sys. v. Ferrell*, No. 05-0587, 2007 Tex. App. LEXIS 1030, at *17 (Tex. Nov. 30, 2007); *see also Wagner v. Warnasch*, 156 Tex. 334, 339, 295 S.W.2d 890, 893 (1956) (no question of the authority of the courts of appeals to address the fundamental error of lack of jurisdiction).

The failure of a jurisdictional requirement deprives the court of the power to act (other than to determine that it has no jurisdiction). *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser*, 140 S.W.3d 351, 359 (Tex. 2004). If we conclude that we do not have jurisdiction, we must recognize that and dismiss the attempted appeal. *See Kilroy v. Kilroy*, 137 S.W.3d 780, 783 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

## B. Post-Judgment Orders

The general rule is that a court has the inherent power to enforce its judgments, even after the expiration of its plenary power, and the court may employ suitable methods in doing so. *See* TEX. R. CIV. P. 308; *Arndt v. Farris*, 633 S.W.2d 497, 499 (Tex. 1982); *Ex parte Gorena*, 595 S.W.2d 841, 844 (Tex. 1979); *see also In re Crow-Billingsley Air Park, Ltd.*, 98 S.W.3d 178, 179 (Tex. 2003) ("trial court has an affirmative duty to enforce its judgment" under Rule 308). Generally, an order made for the purpose of carrying into effect an already-entered judgment is not a final judgment or decree and cannot be appealed as such. *Wagner*, 295 S.W.2d at 893; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.012 (Vernon 1997) (final judgments of trial courts are

appealable).[8]  The "usual writs and orders to aid in execution to collect a final money judgment are not, in general, appealable orders." *Schultz v. 5th Jud. Dist. Court of Appeals of Dallas*, 810 S.W.2d 738, 740 (Tex. 1991).  If the order is not an appealable one, jurisdiction does not attach in the court of appeals.  *Id*. at n.6.  On the other hand, some post-judgment orders are appealable.  *Id.* at 740 (finding turnover order in that case, which resolved property rights and acted "in the nature of a mandatory injunction," to be appealable).

We look to the substance of the order to determine whether it is appealable.  *See, e.g.*, *Wagner*, 295 S.W.2d at 892 (looking to nature of post-judgment relief granted in order over relief actually requested in motion); *cf. Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999) (order's necessary predicate findings provided jurisdictional basis, despite title to contrary); *accord Burke v. Union Pac. Res. Co.*, 138 S.W.3d 46, 60 (Tex. App.—Texarkana 2004, pet. denied, pet. dism'd [2 pets.]) ("A motion should be construed by its substance to determine the relief sought, not merely by its form or caption.").

## C.    The "Turnover" Motion and Order

After the Trusts' motion set forth the fact of the timber theft judgment and facts alleging fraudulent transfer, section three of the motion, titled "Property Subject to Turnover," asserted that the property at issue "cannot readily be attached or levied on by ordinary legal process.  This property is not exempt under any statute from attachment, execution, or seizure for the satisfaction of

---

[8]Moreover, there can be only one final judgment, *see* TEX. R. CIV. P. 301, which, in this case, is the underlying theft of timber judgment.

5

liabilities." This language tracks the statutory prerequisites for the issuance of a turnover order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(a).

Section four of the Trusts' motion sets forth the allegedly applicable law as the FTA, emphasizing that a judgment creditor may request that the court order execution against a fraudulently transferred asset. *See* TEX. BUS. & COM. CODE ANN. § 24.008(b) ("subsection (b)"); section five of the motion, though titled "Motion for Turnover," requests that the court "pursuant to Section 24.008(b) of the Texas and [sic] Business & Commerce Code to order the Rusk County Sheriff to seize and sale [sic] the above described property." This, together with costs and attorney's fees, is the only relief sought.

The court's order is titled "Order for Turnover Relief." It recites that "the property in question is not exempt under any statute from attachment, execution, or seizure" and that "the property in question cannot readily be attached or levied on by ordinary legal process." The title and these recitations track the turnover statute. However, the only relief actually ordered is, in addition to an award of costs and attorney's fees, that the sheriff "seize and sale [sic] the property." While the court's order recited that Kennedy "is the owner of" part of the 1,704-acre property described in the deed filed in the March 15, 2007, property records, the court order did not include any explicit findings or orders regarding fraudulent conveyance.[9] To sort out what kind of an order was actually entered, we first determine what it is not.

---

[9]The court later addressed this in findings of fact and conclusions of law for appeal.

6

*Turnover*

A turnover order is a "procedural device by which judgment creditors may reach assets of a debtor that are otherwise difficult to attach or levy on by ordinary legal process." *Beaumont Bank N.A. v. Buller*, 806 S.W.2d 223, 224 (Tex. 1991); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(a). To accomplish turnover, the court may

> (1) order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control . . . to a designated sheriff or constable for execution;
> (2) otherwise apply the property to the satisfaction of the judgment; or
> (3) appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds. . . .

TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(b). A turnover order may be enforced by contempt proceedings. TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(c).

A turnover order "requires the debtor to bring to the court all documents or property used to satisfy a judgment. The actual effect of the bill is to require the burden of production of property which is subject to execution to be placed with the debtor instead of a creditor attempting to satisfy his judgment." *Buller*, 806 S.W.2d at 226. It is this aspect of a turnover order (i.e., that it acts "in the nature of a mandatory injunction") which makes it appealable. *See Schultz*, 810 S.W.2d at 740.

At oral argument, all parties conceded this is not a turnover order. We agree. The substance of the order requires no affirmative action by either Kennedy or Moore. It does not order anything collected or turned over and cannot be read to act as a mandatory injunction as to the judgment

7

debtor or transferee. The order directs affirmative action of only the sheriff himself to seize and sell the property the subject of the motion.[10]

*Fraudulent Transfer Act*

The Trusts assert that relief was granted under the FTA, which provides for several creditors' remedies against a fraudulent transfer, most applicable to all creditors[11] and one particular to judgment creditors.

There are remedies which are available to creditors for alleged fraudulent transfers pursuant to Section 24.008(a) of the Texas Business and Commerce Code. However, that section is applicable to "an action for relief against a transfer or obligation"; since no action for relief was filed independently of the original suit in which the money judgment was granted, it must not be an action under Section 24.008(a). TEX. BUS. & COM. CODE ANN. § 24.008(a).

---

[10]By this wording in the order, we assume that it was the intention of the court to order that the sheriff, once receiving a properly-issued writ of execution, was to levy on the property and sell it under execution. Otherwise, we would need to construe this as the appointment of the sheriff as a receiver to sell the property. Such an action, which would be available pursuant to Section 24.008(a) of the Texas Business and Commerce Code, would require the filing of a separate action and an action of that nature pursuant to the turnover statute, subsection (a)(3), would be available only against a judgment debtor and only against property in that debtor's possession or subject to that debtor's control. *See Buller*, 806 S.W.2d at 226–27.

[11]A creditor may, "in an action for relief," obtain either avoidance of the transfer; an attachment or other provisional remedy against the asset transferred; an injunction against further disposition; appointment of a receiver over the asset transferred; or other equitable relief. TEX. BUS. & COM. CODE ANN. § 24.008(a).

The Trusts maintain that their proceeding was brought pursuant to Section 24.008(b), which reads, in part, that a judgment creditor, "if the court so orders, may levy execution on the asset transferred or its proceeds." TEX. BUS. & COM. CODE ANN. § 24.008(b). The subsection (b) remedy is available "if the court so orders," though the particular procedure of obtaining that order is not prescribed.[12] Considering the multiple remedies available to a creditor with regard to an alleged fraudulent transfer by a debtor, the confused state of the pleadings filed, the quite unusual order which was entered, and the fact that the parties apparently believed that they were litigating the issue of fraudulent transfer, we find ourselves forced to fit the actions which were taken into a remedy authorized by one of the statutes. Primarily because this order arises from a motion filed within the original suit which granted the money judgment and is not a separate action, we find that the function and substance of the order appealed is as an order incident to execution and levy under subsection (b). While this is not a "usual" writ or order to aid in execution (since it impliedly purports to make a finding of title to the property)[13] we find it does not act as a mandatory injunction,

_____

[12]It appears that a judgment creditor may seek execution against an allegedly fraudulent transfer under subsection (b) without filing a separate suit or first having the question of fraud determined. *See* 37 AM. JUR.2d *Fraudulent Conveyances* § 146 (2007) (Uniform FTA does not require, in most jurisdictions, bringing direct suit for execution by judgment creditor); 48 TEX. JUR.3d *Judgments* § 623 (2008) (judgment creditor may levy without first attacking the conveyance). Any due process concerns in this summary proceeding are not properly before us. Moreover, since the Legislature has authorized such a summary proceeding, the wisdom in it is not ours to determine in this attempted appeal.

[13]Although we see nothing in Section 24.008(b) which authorizes a court to make a determination whether a fraudulent transfer has taken place, we take no position at this point whether a court acting solely under subsection (b) without a separate suit would have the ability to actually

9

is for the purpose of carrying into effect an already-entered judgment, and cannot be appealed as such. *See Wagner*, 295 S.W.2d at 893.

No right of appeal from the trial court's order is provided by the applicable statutes or rules. This finding, however, does not necessarily leave a complainant without any means of immediate relief through means other than a direct appeal from the effects of this order.

Because the order is not appealable, we do not have jurisdiction. Accordingly, we dismiss the appeal for want of jurisdiction.

Bailey C. Moseley
Justice

Date Submitted:    February 13, 2008
Date Decided:     March 28, 2008

---

or impliedly avoid the conveyance from Kennedy to Moore. *See, e.g.*, *Trevino v. Graves*, 418 S.W.2d 529, 532 (Tex. Civ. App.—Houston [1st Dist.] 1967, no writ). Similarly, we take no position on the necessity, if any, or effect in a collateral proceeding, if any, of the various factual findings made by the court in issuing this order, but we see that there could be substantial difficulties in attempting to employ those findings for use in collateral claims. *See Buller*, 806 S.W.2d at 225 n. 2. Neither subsection (b) nor the comments of the Uniform FTA Drafting Committee of the National Conference of Commissioners on Uniform State Laws address the factors for a court to take into account when determining whether to order the issuance of a writ of execution.

That further orders, or a collateral suit, may be necessary is not an issue before us and does not change the nature of the order actually entered. *See Wagner*, 295 S.W.2d at 892.