Opinion issued January 7, 2016



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00743-CV

_____

**JULIE FISCHER, Appellant**

**V.**

**SAM RAMSEY, NANCY RAMSEY, KURT RONACHER,
AND MELISSA RONACHER, Appellees**

---

On Appeal from the 234th District Court
Harris County, Texas
Trial Court Case No. 2007-63130

---

## MEMORANDUM OPINION

Appellant, Julie Fischer, challenges the trial court's denial of her motion to

vacate its order authorizing a receiver to sell real property owned by her and her

husband, John Fischer,[1] to satisfy a judgment rendered against them in favor of appellees, Sam Ramsey, Nancy Ramsey, Kurt Ronacher, and Melissa Ronacher, in appellees' suit against them for breach of contract and fraud in the sale of a business. In her sole issue, Fischer contends that the trial court erred in "denying," for lack of jurisdiction, her motion to vacate.

We dismiss the appeal for lack of jurisdiction.

## Background

In her "Motion to Vacate Order Granting Receiver's Motion for Consent to Sell [her] Homestead Property" ("motion to vacate"), Fischer alleged that on July 19, 2013, the trial court, after a jury trial, entered a final judgment awarding appellees actual damages against her and her husband, jointly and severally, in the amount of $232,791.08. On May 2, 2014, David A. Fettner, the court-appointed receiver ("receiver"), filed a "Motion for Consent to Sell Property" to satisfy the judgment. The receiver sought permission from the trial court to sell the Fischers' real property, identified as "lot 8" on Norchester Village Drive in Houston. On May 12, 2014, after a hearing at which the Fischers did not appear, the trial court found that lot 8 constituted their non-homestead, non-exempt property. And it issued an "Order on Receiver's Motion for Consent to Sell Property" ("consent order") granting the receiver "ownership and possession" of lot 8 and authorizing its sale.

---

[1]     Not a party to this appeal.

Fischer argued that the trial court erred in authorizing the receiver to sell lot 8 because it is "part of [her] homestead" and exempt from seizure to satisfy appellees' judgment against her and her husband.[2] She asserted that her homestead consists of three contiguous lots, comprising a total of 0.9 acres. Fischer's residence is located on lot 13, and lots 8 and 12 are appurtenant and serve as her backyard. She noted that a landowner may assert a homestead exemption on lots in addition to the one on which a dwelling is situated, and an urban homestead, such as hers, may consist of up to ten acres of land and "be in one or more contiguous lots."[3] Further, "a party cannot be required to pay unsecured creditors," as are appellees, "from homestead proceeds." To her motion, Fischer attached a subdivision plat and statements from the Harris County Appraisal District and Harris County Tax Assessor-Collector, noting a "Partial Residential Homestead" exemption on lot 8.

In his response to Fischer's motion to vacate, the receiver argued that the trial court lacked jurisdiction to vacate its May 12, 2014 consent order because Fischer did not challenge the order until July 10, 2014, almost sixty days after the trial court's plenary power had expired. And Fischer "admits that she received the motion" for consent, which was sent to her via certified and first class mail. The receiver also

---

[2]     *See* Tex. Const. art. XVI, § 50(a); Tex. Prop. Code Ann. § 41.002(a) (Vernon 2014).

[3]     *See* Tex. Prop. Code Ann. § 41.002(a).

noted that Fischer did not challenge the trial court's original "Order Requiring Turnover and Appointing [a] Receiver," despite notice.

In her brief in support of her motion to vacate, Fischer argued that the trial court did not lack jurisdiction because it maintained "inherent power (as distinguished from plenary power . . .) to enforce its judgments for an indefinite period of time."

On August 7, 2014, the trial court "denied" Fischer's motion to vacate its consent order, concluding that it was "without jurisdiction" because Fischer's "attempt to vacate" the order was "untimely." On September 6, 2014, Fischer appealed the trial court's August 7, 2014 order denying her motion to vacate. Six days later, on September 12, 2014, the receiver, having executed a contract with a buyer for lot 8, asked the trial court to approve and confirm the sale and approve a distribution of proceeds.

## Jurisdiction

As a threshold matter, the receiver argues that we lack jurisdiction to hear this appeal because Fischer "failed to timely appeal" the trial court's consent order, which "truly forms the basis of her appeal."

We consider as a matter of law whether we have jurisdiction over an appeal. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39

4

S.W.3d 191, 195 (Tex. 2001). Interlocutory orders may be appealed only if permitted by statute. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a) (Vernon Supp. 2015) (authorizing interlocutory appeals). To invoke an appellate court's jurisdiction over an appealable order, a timely notice of appeal must be filed. *See* TEX. R. APP. P. 25.1, 26.1.

"A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record." *Lehmann*, 39 S.W.3d at 195. However, certain post-judgment orders, such as turnover orders and orders that resolve certain discrete matters in receivership proceedings, may be final for purposes of appeal, even if these orders do not dispose of all pending parties and claims. *See Burns v. Miller, Hiersche, Martens & Hayward, P.C.*, 909 S.W.2d 505, 506 (Tex. 1995) (turnover order final and appealable); *Huston v. Fed. Deposit Ins. Corp.*, 800 S.W.2d 845, 848 (Tex. 1990) (orders rendered during receivership appealable); *London v. London*, 349 S.W.3d 672, 674 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (orders resolving "discrete issues in connection with any receivership are appealable").

A "turnover" order is a statutory procedural device through which judgment creditors may reach the assets of a judgment debtor that are otherwise difficult to attach or levy by ordinary legal process. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002 (Vernon 2015) (the "turnover statute"); *Beaumont Bank, N.A. v. Buller*, 806

S.W.2d 223, 224 (Tex. 1991). A turnover order "requires the debtor to bring to the [c]ourt all documents or property used to satisfy a judgment" and thereby places the "burden of production" on the debtor rather than the on a "creditor attempting to satisfy his judgment." *Buller*, 806 S.W.2d at 226. It is this aspect of a turnover order, i.e., that it acts "in the nature of a mandatory injunction," that makes it appealable. *Kennedy v. Hudnall*, 249 S.W.3d 520, 524 (Tex. App.—Texarkana 2008, no pet.); *see Bahar v. Lyon Fin. Servs., Inc.*, 330 S.W.3d 379, 386 (Tex. App.—Austin 2010, pet. denied) ("[I]t is the ability of the turnover order to be read to act as a mandatory injunction as to the judgment debtor or transferee that allows courts to deem it so."). "[A] turnover order is a final, appealable judgment." *Burns*, 909 S.W.2d at 506. And a trial court may render a number of turnover orders, all of which may be final and appealable *if they are, in effect, mandatory injunctions*. *Bahar*, 330 S.W.3d at 387. "The finality of a judgment or order is controlled by its substance, not its label or form." *Mindis Metals, Inc. v. Oilfield Motor & Control, Inc.*, 132 S.W.3d 477, 482 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

Here, the record shows that the trial court, in its original "Order Requiring Turnover and Appointing a Receiver," appointed the receiver and authorized him to "take possession of all non-exempt property." And it ordered Fischer to deliver to the receiver certain documents and records regarding her assets. It is undisputed that she did not appeal this order. *See* TEX. CIV. PRAC. & REM. CODE ANN.

6

§ 51.014(a)(1), (2) (authorizing appeal from interlocutory order "appoint[ing] a receiver" or "overrul[ing] a motion to vacate an order that appoints a receiver"); *Bahar*, 330 S.W.3d at 387; *Kennedy*, 249 S.W.3d at 524 (appeal may be taken from turnover order acting as mandatory injunction).

The trial court's turnover and receivership order also provides that "[a]ll real property sales must be individually ordered, after notice and opportunity for hearing." And, in its subsequent consent order, the trial court concluded that lot 8 constituted Fischer's non-homestead, non-exempt property. And it granted the receiver "ownership and possession" of lot 8 and authorized him to enter into a sales contract "at a price [he] deem[ed] reasonable." Because the trial court's consent order constitutes a direction or authorization to the receiver, but does not direct Fischer to take any action, it cannot be read as an injunctive order and, thus, does not fall under the exception for turnover orders. *See Art Inst. of Chicago v. Integral Hedging, L.P.*, 129 S.W.3d 564, 570 (Tex. App.—Dallas 2003, no pet.); *see also Kennedy*, 249 S.W.3d at 524 (order directing sheriff to take "affirmative action" to "seize and sell the property," but not ordering "anything collected or turned over" by judgment debtor, not mandatory injunction and, therefore, "not a turnover order").

However, in *Huston v. F.D.I.C.*, the Texas Supreme Court concluded that "a trial court's order that resolves a discrete issue in connection with any receivership

7

has the same force and effect as any other final adjudication of a court, and thus, is appealable." 800 S.W.2d 845, 847 (Tex. 1990) (analogizing to probate orders). Subsequently, in *Crowson v. Wakeman*, the supreme court modified its test as follows:

> If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

897 S.W.2d 779, 783 (Tex. 1995); *see also De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (noting *Crowson* modified *Hutson*). Under this analysis, in the absence of a statute specifically declaring an order at the end of a particular phase of the proceedings to be a final judgment, the trial court's order must dispose of all issues in a particular "phase of the proceeding." *London*, 349 S.W.3d at 678 (Frost, J., concurring).

Here, the trial court's consent order, considered in contrast with its prior turnover and receivership order, did finally adjudicate lot 8 as Fischer's non-homestead, non-exempt property, granted the receiver possession and control, and authorized its sale, with only the final closing of a specific sale subject to approval. Thus, the trial court's consent order constitutes a final, appealable order. *See Crowson*, 897 S.W.2d at 783; *Hutson*, 800 S.W.2d at 847.

8

Generally, to confer jurisdiction on an appellate court, a notice of appeal must be filed within thirty days after the date a final order is signed. *See* TEX. R. APP. P. 26.1(b). The deadline to file a notice of appeal is extended to ninety days after the date the order is signed if any party timely files a motion for new trial, motion to modify or reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a); *see also* TEX. R. CIV. P. 297, 329b(a), (g). A motion for new trial, if any, must be filed within thirty days after the date the judgment is signed. TEX. R. APP. P. 329b(a).

However, Fischer did not file a notice of appeal or any post-judgment motions seeking to modify the trial court's May 12, 2014 consent order within thirty days after it was signed. *See* TEX. R. APP. P. 26.1(a). Thus, the deadline to file her notice of appeal expired on June 12, 2014. Even were we to construe Fischer's motion to vacate as a motion for new trial, because she not only sought to vacate the trial court's consent order but also a new judgment in her favor, she did not file her motion until July 10, 2014, almost sixty days after the trial court signed its consent order. *See* TEX. R. APP. P. 329b(a). Accordingly, we hold that we lack jurisdiction over an appeal from the trial court's consent order. *See* TEX. R. APP. P. 25.1, 26.1.

In her notice of appeal, Fischer states that she appeals from the "trial court's 'Order on [her] Motion to Vacate,'" rendered on August 7, 2014." However, the deadline for filing her notice of appeal did not run from that date. Rather, it ran from

9

the date of the signing of the consent order. *See Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003); *Powell v. Girly Girl, L.P.*, No. 01-14-00654-CV, 2015 WL 1061095, at *1 (Tex. App.—Houston [1st Dist.] Mar. 10, 2015, no pet.) (mem. op.); *see also In re Estate of Garza*, No. 13-14-00730-CV, 2015 WL 3799370, at *4 (Tex. App.—Corpus Christi June 18, 2015, no pet.) (mem. op.) (ruling on motion to vacate not independently appealable); *see also Emmott v. Boudreaux*, No. 01-12-00951-CV, 2013 WL 127567, at *1 (Tex. App.—Houston [1st Dist.] Jan. 10, 2013, pet. dism'd w.o.j.) (mem. op.) (order dismissing motion for new trial not independently appealable).

## Conclusion

We dismiss the appeal for lack of jurisdiction.

Terry Jennings
Justice

Panel consists of Justices Jennings, Higley, and Brown.