**DISMISS; and Opinion Filed October 25, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00246-CV

## DAVID B. MCKINNON, NORTH PONDEROSA, LLC, BARBARA MARSHALL, LP, WILLIAM H. GIBSON, D. SCOTT MCKINNON, BARBARA F. MARSHALL, MARCIA STALLINGS, AND DONALD CARDWELL, Appellants
### V.
## BILL GURLEY AND STANLEY WRIGHT, Appellees

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-13561**

## MEMORANDUM OPINION
Before Justices Lang, Fillmore, and Schenck
Opinion by Justice Schenck

Appellants David B. McKinnon, North Ponderosa, LLC, Barbara Marshall, LP, William H. Gibson, D. Scott McKinnon, Barbara F. Marshall, Marcia Stallings, and Donald Cardwell attempt to appeal from a judgment entered in favor of appellees on December 2, 2015 in cause number 15-13561 (the "Judgment").

In seven issues, appellants assert (1) the trial court lacked subject matter jurisdiction to enter the Judgment; (2) the doctrine of res judicata and (3) the statute of repose bar appellees' fraudulent transfer claims; (4) there is no evidence Cardwell made any transfer to hinder, delay or defraud Gurley; (5) no fraudulent transfer took place because Cardwell had no equity in the transferred property; (6) appellees' evidence of a fraudulent transfer was speculative; and (7) the

trial court's findings of fact and conclusions of law are not supported by legally sufficient evidence and misstate the law.[1] We have determined that we lack jurisdiction over the appeal. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

### I.      Initial Suit

On March 30, 2006, Gurley filed a lawsuit against Cardwell alleging fraud and breach of fiduciary duty related to the conveyance of real property in which Gurley held an ownership interest. That case was assigned to the 134th Judicial District Court of Dallas County under cause number 06-03299. The case went to trial before the court on July 6, 2009, and, on July 14, 2009, the district court entered a final judgment in favor of Gurley, awarding him $318,478.25 as actual damages.[2] Cardwell filed a timely notice of appeal in that case, seeking reversal on the basis of insufficient evidence. That appeal was abated due to Cardwell's filing a voluntary petition for chapter 7 bankruptcy relief. The appeal was reinstated in 2017, following the completion of Cardwell's bankruptcy case, and this Court affirmed the trial court's judgment. *See Cardwell v. Gurley*, No. 05-09-01068-CV, 2018 WL 3454800 (Tex. App.—Dallas July 18, 2018, no pet. h.) (mem. op.).

### II.      Marshall Loan

While the underlying lawsuit was pending, Cardwell met with David McKinnon, an asset protection specialist, CPA, and trusted financial advisor of Cardwell, to discuss his financial situation and need for funds. McKinnon told Cardwell he had a client, Barbara Marshall, who might be interested in extending a loan to him. At that time, Cardwell lived on an approximate

---

[1] Appellant David McKinnon filed a separate brief raising six issues that are essentially the same as those of the other appellants.

[2] The final judgment ordered, in part, "that Plaintiff Bill Gurley is hereby awarded judgment against Defendant Donald Cardwell for $318,478.25 in actual damages, plus pre-judgment interest from the date of the filing of this suit on March 30, 2006 until July 14, 2009 in the amount of $52,352.59 for a total judgment of $370,830.84, plus post-judgment interest on such amount from the date of this judgment until paid in full, at the maximum permissible lawful rate."

118 acre tract outside of Melissa, Texas. Cardwell and Marshall entered into a letter of intent that outlined the terms of a proposed loan transaction ("Marshall Loan"). The letter of intent contemplated Cardwell splitting the Melissa property into two tracts—one tract to be comprised of approximately 24 acres, the other approximately 94 acres—with the 94 acre tract to be collateral for the proposed loan in the amount of $600,000.[3] The loan closing took place on October 22, 2008, at Republic Title, and the closing documents identified Barbara Marshall, LP as the lender.

### III. Bankruptcy Proceeding

On October 2, 2009, less than three months after the final judgment was entered in cause number 06-03299, Cardwell filed his voluntary petition in bankruptcy. The bankruptcy court appointed Christopher Moser as the chapter 7 trustee. Barbara Marshall, LP filed a proof of claim in Cardwell's bankruptcy proceeding. Moser, as trustee, negotiated a sale of the 94 acre tract to North Ponderosa LLC, a company formed by McKinnon, for payment of $25,000 and assumption of the Marshall Loan. The bankruptcy court approved the sale and signed a Sales Order on April 12, 2011.[4] On February 27, 2012, North Ponderosa LLC entered into a grazing lease covering the 94 acre tract with Cardwell for a nominal rent, and with the understanding Cardwell would preserve the agricultural exemption that the property possessed.

### IV. Subsequent Collection Efforts

On December 19, 2013, after completion of Cardwell's bankruptcy case, Gurley filed an application for turnover relief and appointment of a receiver in cause number 06-03299. The trial court appointed Stanley Wright as the receiver. Thereafter, Wright deposed Cardwell and learned about the grazing lease Cardwell had entered into with North Ponderosa LLC. Wright concluded Cardwell was still in possession of the 94 acre tract, and on June 23, 2015, Gurley and Wright

---

[3] An appraisal of the 94 acre tract valued the tract at $200,000.

[4] The parties have advised this Court that the bankruptcy court later granted a motion to vacate the Sales Order and that the United States District Court for the Eastern District of Texas, Sherman Division, affirmed the bankruptcy court's ruling.

amended their post-judgment petition to assert fraudulent transfer claims against Cardwell and others. The fraudulent transfer claims were tried before the 134th Judicial District Court. On October 13, 2015, the district court entered a partial final judgment in cause number 06-03299, reiterating the award provided in the earlier final judgment, and ordering that execution levy on certain real property (leaving the issue of attorney's fees for a subsequent hearing).

On October 20, 2015, recognizing a fraudulent transfer claim could not be asserted in the long dormant 06-03299 case, Gurley and Wright filed a motion to sever their fraudulent transfer claims from the underlying case. On November 6, 2015, the district court granted Gurley and Wright's motion to sever and ordered the clerk of the court to give the severed claims a new cause number and transfer copies of relevant pleadings and orders into the newly severed action ("severance order"). The clerk assigned the severed claims cause number 15-13561. The district court then signed the Judgment under that cause number, which reiterated the award provided in the July 14, 2009 final judgment and the execution provided in the partial final judgment, and disposed of the attorney's fee claims without awarding any fees. This appeal followed.

## DISCUSSION

### I.     Jurisdiction

The threshold issue presented here is whether we have appellate jurisdiction in this case. *See N.Y. Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 679 (Tex. 1990). "Courts always have jurisdiction," and indeed the obligation, "to determine their own jurisdiction."[5] *Houston Mun. Emps. Pension Sys. v. Ferrell*, 248 S.W.3d 151, 152 (Tex. 2007). The failure of a jurisdictional requirement deprives the court of the power to act (other than to determine that it has no jurisdiction). *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser*, 140 S.W.3d 351, 359 (Tex.

---

[5] If we conclude that we do not have jurisdiction, we must recognize that and dismiss the attempted appeal. *See Kilroy v. Kilroy*, 137 S.W.3d 780, 783 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

2004).

## II. Post Judgment Orders

The general rule is that a court has the inherent power to enforce its judgments, even after the expiration of its plenary power, and the court may employ suitable methods in doing so. *See* TEX. R. CIV. P. 308; *Arndt v. Farris*, 633 S.W.2d 497, 499 (Tex. 1982). Generally, an order made for the purpose of carrying into effect an already-entered judgment is not a final judgment or decree and cannot be appealed as such. *Wagner v. Warnasch*, 295 S.W.2d 890, 893 (1956); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.012 (final judgments of trial courts are appealable). The "usual writs and orders to aid in execution to collect a final money judgment are not, in general, appealable orders." *Schultz v. 5th Jud. Dist. Court of Appeals of Dallas*, 810 S.W.2d 738, 740 (Tex. 1991). If the order is not an appealable one, jurisdiction does not attach in the court of appeals. *Id.* at 740, n.6. On the other hand, some post-judgment orders are appealable. *Id.* at 740 (finding turnover order in that case, which resolved property rights and acted "in the nature of a mandatory injunction," to be appealable).

We look to the substance of the order, or in this case the Judgment, to determine whether it is appealable. *See, e.g.*, *Wagner*, 295 S.W.2d at 892 (looking to nature of post-judgment relief granted in order over relief actually requested in motion).

## III. Appellees' Second Amended Post Judgment Petition for Relief

Appellees' Second Amended Post Judgment Petition for Relief was the live pleading at the time appellees presented their fraudulent transfer claims to the district court and at the time of the purported severance. That petition recited "[t]his action is an ancillary post judgment effort to collect and enforce this Court's judgment" and reiterated the award provided in the July 14, 2009 final judgment. After appellees set forth the fraudulent transfer that was the subject of the underlying suit, they alleged Cardwell orchestrated a series of fraudulent real estate transactions

involving the Melissa property in an attempt to shelter the property from execution and sale to satisfy the underlying judgment. Appellees then went on to assert fraudulent conveyances under section 24.005(a), 24.006(a), and 24.006(b) of the Uniform Fraudulent Transfer Act and requested that execution be levied on the assets transferred or the proceeds of the sale of the assets.[6] TEX. BUS. & COM. CODE ANN. §§ 24.005(a), 24.006, 24.008.

The Judgment reiterates the award provided in the July 14, 2009 final judgment entered by the same district court and the relief ordered is that execution be levied on the 94 acre tract. The Judgment itself does not include any explicit findings or orders regarding fraudulent conveyance.[7] To sort out what kind of an order was actually entered, we first determine what it is not.

*A. Turnover*

A turnover order is a "procedural device by which judgment creditors may reach assets of a debtor that are otherwise difficult to attach or levy on by ordinary legal process." *Beaumont Bank N.A. v. Buller*, 806 S.W.2d 223, 224 (Tex. 1991); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(a). To accomplish turnover, the court may:

> (1) order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control . . . to a designated sheriff or constable for execution;
>
> (2) otherwise apply the property to the satisfaction of the judgment; or
>
> (3) appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required

---

[6] Section 24.005(a) provides, "[a] transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or within a reasonable time after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: (1) with actual intent to hinder, delay, or defraud any creditor of the debtor; or (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor: (a) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or (B) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due." TEX. BUS. & COM. CODE ANN. § 24.005(a).

Section 24.006(a) provides, "[a] transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer or was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation."

Section 24.006(b) provides, "[a] transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent."

[7] The trial court later entered findings of fact and conclusions of law at the request of appellants.

to satisfy the judgment.

TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(b).  A turnover order "requires the debtor to bring to the court all documents or property used to satisfy a judgment.  The actual effect of the bill is to require the burden of production of property which is subject to execution to be placed with the debtor instead of a creditor attempting to satisfy his judgment."  *Buller,* 806 S.W.2d at 226.  It is this aspect of a turnover order (i.e., that it acts "in the nature of a mandatory injunction") which makes it appealable.  *See Schultz,* 810 S.W.2d at 740.

We conclude the Judgment is not a turnover order.  *See Kennedy v. Hudnall*, 249 S.W.3d 520, 524 (Tex. App.—Texarkana 2008, no pet.).  The substance of the Judgment requires no affirmative action by any of the appellants.  It does not order anything collected or turned over and cannot be read to act as a mandatory injunction as to the judgment debtor or transferee.  Instead, the Judgment directs affirmative action consisting of execution to be levied on the 94 acre tract with the proceeds to be used to satisfy Gurley's judgment.

### B.  Fraudulent Transfer Act

Appellees assert that relief was granted under the Fraudulent Transfer Act, which provides for several creditors' remedies against a fraudulent transfer, most applicable to all creditors and one particular to judgment creditors.  They therefore urge the Judgment functions as a final appealable judgment in cause number 15-13561.  We disagree.

Section 24.008(a) of the Texas Business and Commerce Code, provides various remedies to creditors for alleged fraudulent transfers.  However, that section is applicable to "an action for relief against a transfer or obligation."  Thus, in order to obtain relief under section 24.008(a), the judgment creditor must file a separate cause of action and the claim cannot be litigated by post-judgment motion or pleading in the underlying lawsuit.  *Id.* at 525.  Appellees attempted to bring their fraudulent transfer claims in the underlying action, thereby not subjecting their claims to the

random court and case assignment process and without paying a filing fee. Dallas (Tex.) Civ. Ct. Loc. R. 1.01. After they presented their claims to the district court, they sought and obtained a severance order and the district court entered the Judgment on December 2, 2015, in a new cause number. But the district court entered the severance order creating the new cause number after it lost its plenary power over the case. TEX. R. CIV. P. 329b. Accordingly, the district court had no jurisdiction to enter the severance order and the order did not create a separate and independent fraudulent transfer suit in which the plaintiff could seek relief under section 24.008(a). *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995). The severance order is a nullity and the Judgment could not be filed in the new cause number.[8]

To the extent the Judgment is a part of the underlying case, its substance confirms that the relief it granted was pursuant to section 24.008(b), which reads, in part, that a judgment creditor, "if the court so orders, may levy execution on the asset transferred or its proceeds." BUS. & COM. § 24.008(b). The subsection (b) remedy is thus available "if the court so orders," though the particular procedure of obtaining that order is not prescribed. Because the complained of Judgment arises from a pleading filed within the original suit, which granted the original money judgment and not in a separate jurisdictionally ripe action, we conclude that its function and substance is as an order incident to execution and levy under subsection (b). *See Kennedy*, 249 S.W.3d at 525.

No right of appeal from the trial court's Judgment is provided by the applicable statutes or rules.

---

[8] We note that the Legislature has acted to ameliorate the onerous and potentially harsh implications of these jurisdictional complexities by tolling limitations where an action is filed in a court lacking jurisdiction. *See* TEX. R. CIV. P. 16.064(a).

## CONCLUSION

Because the severance is void and the Judgment is not appealable, we do not have jurisdiction over this appeal. Accordingly, we dismiss the appeal for want of jurisdiction.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

160246F.P05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

DAVID B. MCKINNON, NORTH
PONDEROSA, LLC, BARBARA
MARSHALL, LP, WILLIAM H. GIBSON,
D. SCOTT MCKINNON, BARBARA F.
MARSHALL, MARCIA STALLINGS
AND DONALD CARDWELL, Appellants

No. 05-16-00246-CV        V.

BILL GURLEY AND STANLEY
WRIGHT, Appellees

On Appeal from the 134th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-15-13561.
Opinion delivered by Justice Schenck.
Justices Lang and Fillmore participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

Judgment entered this 25th day of October, 2018.