

# NUMBER 13-17-00680-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **JAYCAP FINANCIAL, LTD.,** | **Appellant,** |

**v.**

| | |
|---|---|
| **ALFRED NEUSTAEDTER,** | **Appellee.** |

### On appeal from the 404th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Tijerina
Memorandum Opinion by Justice Hinojosa**

In this interlocutory appeal, appellant Jaycap Financial Ltd. challenges the trial court's temporary injunction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4). By four issues, appellant contends that the trial court's injunction is improper and requests that we dissolve it. We reverse and remand.

## I.    BACKGROUND

Appellee Alfred Neustaedter secured a loan from appellant for $4.3 million to purchase property in Canada.   Appellee defaulted on the loan.   Appellant sued appellee in Canada, and the Canadian court awarded appellant $4,416,578.60 plus interest "accruing at 17.5% per annum from December 18, 2013 to the date of judgment."[1] Appellant foreclosed on the Canadian property and sold it to satisfy the debt.   Appellant received $5,833,186.36 in net sale proceeds after all taxes were paid.

On January 25, 2017, appellant filed the Canadian judgment in the trial court in Cameron County.   On January 30, 2017, appellant filed a notice of filing pursuant to the Uniform Enforcement of Foreign Judgments Act.   *See id*. § 36A.004.   Appellant sent notice that it had filed the foreign judgment in the trial court to appellee's address in Texas and in Canada, and appellee signed that he received the notices on February 7, 2017 and February 23, 2017, respectively.   On June 20, 2017, the Cameron County District Clerk issued a writ of execution for the sale of property owned by appellee in Laguna Vista, Texas (the Cameron County property).

On July 31, 2017, appellee filed a motion for "emergency" injunction and damages claiming that appellant was "attempting to sell [the Cameron County property], without appropriate notice, by fraud, or with no right to sell or dispose of such property."   Appellee sought a trial on the merits of his claims and temporary injunctive relief to preserve the status quo during the pendency of the case.   On July 31, 2017, the trial court issued a temporary restraining order preventing appellant from selling appellee's Cameron County

---

[1] The Canadian judgment states that the trial court pronounced it on Monday, December 19, 2013.

property.

On August 11, 2017, appellant filed a "Motion to Overrule Debtor's Challenges to the Judgment" and plea to the jurisdiction seeking dismissal of appellee's claims for various reasons.[2]   The trial court held a hearing on appellant's motions and appellee's motion for temporary injunction on August 14, 2017.   At the hearing, evidence was presented that appellant was now seeking payment on the interest it alleges appellee owed as payment on the principal amount, which had been satisfied when appellant sold the Canadian property.   Appellant argued that appellee was required to pay 17.5% interest on the $4.4 million judgment for two years.   Appellee countered that the judgment only stated that he was required to pay 17.5% interest per annum from December 18, 2013 to the date of judgment.   The trial court denied appellant's motions, and on November 27, 2017, the trial court signed a temporary injunction enjoining appellant "from proceeding with any execution of [the Cameron County property]."   This appeal followed.

## II. JURISDICTION

By its first three issues, appellant claims the temporary injunction should be dissolved because the trial court lacked jurisdiction.

### A. Standard of Review

"Subject matter jurisdiction is essential to the authority of a court to decide a case." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993).   It is never

---

[2] The trial court's denial of appellant's plea to the jurisdiction is not before us.   *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(b) (setting out that only governmental agencies may appeal a trial court's denial of a plea to the jurisdiction).

presumed and cannot be waived. *Id.* at 443–44. An appellate court is obligated, even *sua sponte*, to determine the threshold question of jurisdiction. *See Hayes v. State*, 518 S.W.3d 585, 588 (Tex. App.—Tyler 2017, no pet.); *Walker Sand, Inc. v. Baytown Asphalt Materials, Ltd.*, 95 S.W.3d 511, 514 (Tex. App.—Houston [1st Dist.] 2002, no pet.). The existence of subject matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

## B. Applicable Law and Analysis

Appellant argues that the trial court lacked jurisdiction to determine whether the foreign judgment was previously satisfied. Appellant further argues that the trial court lacked jurisdiction to enjoin the execution of a foreign judgment. Finally, appellant argues that the trial court could not enjoin execution after its plenary power had expired. We disagree with appellant on each point.

Once appellant filed its petition and Canadian judgment in the trial court, the trial court had jurisdiction over the now-domesticated Canadian judgment. *See Moncrief v. Harvey*, 805 S.W.2d 20, 22 (Tex. App.—Dallas 1991, no writ) ("[T]he filing of a foreign judgment partakes of the nature of both a plaintiff's original petition and a final judgment: the filing initiates the enforcement proceeding, but it also instantly creates a Texas judgment that is enforceable."); *see also Hernandez v. Seventh Day Adventist Corp.*, 54 S.W.3d 335, 336 (Tex. App.—San Antonio 2001, no pet.) (explaining that the filing of the foreign judgment in the trial court "instantly creates an enforceable Texas judgment"). The Canadian judgment is subject to the same "procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying a judgment as a judgment of the

4

court in which it is filed."   TEX. CIV. PRAC. & REM. CODE ANN. §§ 35.003(c), 36A.006 (providing that a foreign-country judgment is "enforceable in the same manner and to the same extent as a judgment rendered in this state"); *see also* TEX. R. CIV. P. 329b.

Under the then applicable Uniform Foreign Country Money-Judgment Recognition Act, a debtor to a foreign judgment had sixty days from the date he received notice of the filing of the foreign judgment in a Texas trial court to contest the trial court's recognition of the judgment.[3]   *See* Act of 1989, 71st Leg., ch. 402 § 5, 1989 Tex. Sess. Law Serv. 402 (repealed).   Moreover, the trial court's plenary power over a judgment expires thirty days after it is rendered.   *BancorpSouth Bank v. Prevot*, 256 S.W.3d 719, 724 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("Like any Texas judgment, the trial court's plenary power expired [after] thirty days . . . because no party filed a post-judgment motion attacking the judgment."); *Malone v. Emmert Indus. Corp.*, 858 S.W.2d 547, 548 (Tex. App.—Houston [14th Dist.] 1993, writ denied); *see also Walnut Equip. Leasing Co. v. Wu*, 920 S.W.2d 285, 286 (Tex. 1996) (per curiam) (concluding that the judgment debtor's amended answer, the creditor's amended petition, an ensuing bench trial, and the second judgment rendered by the trial court after the trial court's plenary power expired were nullities).   Thus, "[w]hen a foreign judgment is acted on outside the plenary power of the trial court, the action is a nullity."   *Bahr v. Kohr*, 928 S.W.2d 98, 100 (Tex. App.—San Antonio 1996, writ denied) (citing *Walnut Equip. Leasing Co.*, 920 S.W.2d at

---

[3] Former § 36.0044 entitled "Contesting Recognition," which is applicable here, provided that a party could contest the recognition of a foreign country's judgment within thirty days after the date the party received notice of the filing.   *See* Act of 1989, 71st Leg., ch. 402 § 5, 1989 Tex. Sess. Law Serv. 402 (repealed).   A party domiciled in a foreign country had to file the motion for nonrecognition not later than the sixtieth day after the date the party received notice of filing.   *See id.*

285–86).

We agree with appellant that the trial court's plenary power over the judgment had expired when it issued the temporary injunction. However, a trial court retains at all times its inherent power to enforce its judgments, and it may employ suitable methods to do so. *Kennedy v. Hudnall*, 249 S.W.3d 520, 523 (Tex. App.—Texarkana 2008, no pet.); *see* TEX. R. CIV. P. 308; *Arndt v. Farris*, 633 S.W.2d 497, 499 (Tex. 1982); *see also Miga v. Jensen*, No. 02-11-00074-CV, 2012 WL 745329, at *9 (Tex. App.—Fort Worth Mar. 8, 2012, no pet.) (mem. op.). In addition to its inherent authority, the trial court is vested with express statutory authority to enforce its judgments, including by issuing injunctive relief.[4] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 65.011; TEX. R. CIV. P. 308; *Bridas Corp. v. Unocal Corp.*, 16 S.W.3d 887, 889 (Tex. App.—Houston [14th Dist.] 2000, pet. dism'd w.o.j.). The only limit on a trial court's authority to issue enforcement orders is that they may not be inconsistent with the original judgment and must not constitute a material change in substantial adjudicated portions of the judgment. *See Custom Corporates, Inc. v. Security Storage Inc.,* 207 S.W.3d 835, 839 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *Cook v. Stallcup*, 170 S.W.3d 916, 920 (Tex. App.—Dallas 2005, no pet.).

Here, appellee sought to enjoin an execution sale for specific property on the basis that the judgment "has been fully or substantially paid[.]" The trial court signed a temporary injunction order enjoining appellant "from proceeding with any execution of [the

---

[4] A trial court also has express statutory authority to issue a writ of injunction staying execution on a judgment in circumstances not applicable here. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 65.023(b); *Campbell v. Wilder*, 487 S.W.3d 146, 150 (Tex. 2016); *Zuniga v. Wooster Ladder Co.*, 119 S.W.3d 856, 861 (Tex. App.—San Antonio 2003, no pet.) (noting that § 65.023 applies to suits attacking the judgment, questioning its validity, or presenting defenses properly connected with the suit in which it was rendered). A trial court is also authorized under the turnover statute to grant injunctive relief to aid a judgment creditor in reaching assets of a judgment debtor. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002.

Cameron County property]." The trial court's order is not inconsistent with the underlying judgment, and it does not materially change the judgment. Rather, the temporary injunction relates to enforcement of the judgment, a matter which is within the trial court's inherent power and for which it retains jurisdiction. *See Kennedy*, 249 S.W.3d at 523; *Ford v. Wied*, 823 S.W.2d 423, 424 (Tex. App.—Texarkana 1992, writ denied) (explaining that a party may seek to enjoin execution if the judgment has been satisfied); *see also* 34 TEX. JUR. 3d *Enforcement of Judgments* § 84 (2019) ("Execution may be enjoined where the judgment has been paid." (citing *Hart v. Harrell*, 17 S.W.2d 1093, 1094 (Tex. App.— Eastland 1929, no writ))). Therefore, we conclude that the trial court acted within its jurisdiction when it granted injunctive relief. We overrule appellant's first three issues.

### III. RULE 683

By its fourth issue, appellant argues that the temporary injunction fails to satisfy Texas Rule of Civil Procedure 683's requirement that a temporary injunction set forth the reason for its issuance. Appellee agrees on this point, but he maintains that appellant is estopped from asserting error under the invited-error doctrine because appellant submitted the proposed order signed by the trial court.

### A. Standard of Review and Applicable Law

We review a trial court's decision to grant a temporary injunction for an abuse of discretion. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). A trial court abuses its discretion if it rules in an arbitrary manner or without reference to guiding rules and principles. *Id*. at 211; *see Sargeant v. Al Saleh*, 512 S.W.3d 399, 409 (Tex. App.—Corpus Christi–Edinburg 2016, orig. proceeding). A trial court also abuses its

7

discretion when it grants a temporary injunction if it misapplies the law to the established facts. *Sargeant*, 512 S.W.3d at 409.

Texas Rule of Civil Procedure 683 requires that an order granting a temporary injunction state the reasons for its issuance and set the cause for trial on the merits. *See* TEX. R. CIV. P. 683; *Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) (per curiam); *Conlin v. Haun*, 419 S.W.3d 682, 685–86 (Tex. App.—Houston [1st Dist.] 2013, no pet.). "These procedural requirements are mandatory, and an order granting a temporary injunction that does not meet them is subject to being declared void and dissolved." *Qwest*, 24 S.W.3d at 337; *see InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986) (per curiam) (stating that requirements of Rule 683 are mandatory and must be strictly followed); *Haun*, 419 S.W.3d at 686.

**B.    Analysis**

We agree with the parties that the temporary injunction fails to comply with Rule 683's requirement that the order set forth the reason for its issuance. *See* TEX. R. CIV. P. 683. However, we do not agree with appellee that appellant is estopped from asserting error.

Appellee argues that appellant is estopped from arguing that the temporary injunction is erroneous because appellant submitted the proposed order that the trial court ultimately signed. Generally, a litigant is estopped from requesting a ruling from a court and then complaining that the court committed error in giving it to him. *Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 861 (Tex. 2005) (per curiam). Here, even though appellant submitted a proposed order granting injunctive relief, appellant did not request or agree

8

to the injunction; rather, it responded in opposition.    Therefore, appellant is not estopped from asserting error.    *See Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 777 (Tex. 2008) (concluding that the invited-error doctrine did not bar a party from complaining about a jury question it had requested because the party made clear that it objected to the submission of the question but wanted to make sure the instruction was properly drafted).    The same would be true even if the injunction was an agreed order.    *See In re Corcoran*, 343 S.W.3d 268, 269 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) ("Agreed Mutual Temporary Injunction" order was void because it did not comply with Rule 683); *In re Garza*, 126 S.W.3d 268, 271 (Tex. App.—San Antonio 2003, orig. proceeding) ("[A] party who agrees to a void order has agreed to nothing.").

We conclude that the temporary injunction fails to comply with Rule 683. Therefore, it is void and must be dissolved.    *See Qwest*, 24 S.W.3d at 337.    We sustain appellant's fourth issue.

## IV.    CONCLUSION

We reverse the trial court's temporary injunction, dissolve the temporary injunction, and remand this case to the trial court for further proceedings.


LETICIA HINOJOSA
Justice

Concurring and Dissenting Memorandum
Opinion by Justice Tijerina

Delivered and filed the
12th day of December, 2019.

9